UNITED STATES of America,
Appellee,

v.

Alfred F. GUERINI, Appellant.

No. 8368.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 9, 1961.

Decided Oct. 23, 1961.

Robert M. Harcourt, Norfolk, Va., for appellant.

Cary L. Branch, Asst. U. S. Atty., Richmond, Va. (C. V. Spratley, Jr., U. S. Atty., and Roger T. Williams, Asst. U. S. Atty., Richmond, Va., on the brief), for appellee.

Before SOBELOFF, Chief Judge, BELL, Circuit Judge, and CRAVEN, District Judge.

CRAVEN, District Judge.

This is an appeal from the judgment of the District Court sentencing the appellant to a term of imprisonment for one year.

Questions posed by appellant are (1) whether the District Court erred in overruling appellant's motion to withdraw the plea of guilty previously entered, and (2) whether the court erred in overruling the plea of former jeopardy.

*Motion to Withdraw Guilty Plea*

Appellant was indicted in two bills of indictment, Nos. 12076 and 12094. He was arraigned in No. 12076 and pleaded not guilty and immediately thereafter was arraigned in No. 12094 to which he pleaded guilty. The District Judge carefully warned and interrogated appellant about his plea (pursuant to Rule 11, F.R. Crim.P., 18 U.S.C.A.) before accepting it. Four days later appellant moved the court to permit him to withdraw his guilty plea. The court denied the motion.

Appellant advances two reasons why the District Court erred in refusing to permit him to withdraw his plea of guilty. At the time of making the motion (November 14, 1960) he took the position he was misled by the Assistant United States Attorney into believing a co-defendant would plead guilty and that he feared the co-defendant would then testify against him. Unfortunately for this contention the court is advised during oral argument that the co-defendant *did* subsequently plead guilty to count 15 of No. 12076 which appellant himself contends is substantially identical to the one count indictment contained in No. 12094.

Subsequently this co-defendant Bucknell was dismissed from No. 12094.

It would seem that Bucknell could then have been put on the witness stand against the appellant and the co-defend-

**34**

ant Sarno, and if so, that which appellant says he feared would have come to pass—although in a somewhat different and perhaps less prejudicial way than he anticipated.

We prefer, however, to rest our decision on firmer ground. After hearing testimony, including that of appellant's trial counsel, the District Court concluded there was no misrepresentation on the part of the United States Attorney's office; that the only representation made was that Bucknell had consented to transfer for plea and sentence under Rule 20 and that at the time it was made this was a true representation.

At the second hearing before the District Judge (April 7 and 12, 1960) the appellant for the first time asserted he had been promised a recommendation of six months by the Assistant United States Attorney. Voluminous testimony was heard by the District Judge who failed to so find. A one year recommendation was made and was accepted by the court.

■■ A motion for withdrawal of a guilty plea is addressed to the sound discretion of the District Judge and the scope of review on appeal is limited to a determination whether that discretion has been abused. United States v. Shneer, 194 F.2d 598 (3d Cir., 1952). No abuse of discretion is made to appear. On the contrary, the District Court carefully and painstakingly considered lengthy testimony and argument, and in its sound discretion denied the motion.

*Plea of Former Jeopardy*

■ On November 10, 1960, appellant pleaded guilty to indictment No. 12094 and not guilty to indictment No. 12076. The court deferred sentencing in No. 12094 and trial was begun in No. 12076. Appellant made no motion to dismiss or abate No. 12076 as to him. Trial proceeded and on the next day the appellant was dismissed of the charges contained in criminal action No. 12076 on motion of the District Attorney. For purposes of this appeal we treat the two indict-

ments as being identical as to this appellant.

Appellant's argument appears to be one of reverse jeopardy rather than former jeopardy. Having pleaded guilty to No. 12094 he could have claimed former jeopardy when put to trial in No. 12076. This he neglected to do, but the District Attorney in effect did it for him on the day following. Appellant concurred in the District Attorney's motion to dismiss as to him. Because of his guilty plea in No. 12094 appellant was entitled to be dismissed from the trial of No. 12076— which was done.

His plea of former jeopardy is without merit. He received the benefit of that doctrine when he was dismissed from the trial of No. 12076.

Affirmed.