**James P. THOMAS, Jr., Appellant,**

v.

**UNITED STATES, Appellee.**

**James P. THOMAS, Jr., Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**Nos. 3441–3443.**

District of Columbia Court of Appeals.

Submitted May 5, 1964.

Decided June 16, 1964.

3. 6 Wigmore, Evidence § 1869 (3d ed. 1940).

4. 18 U.S.C.A. § 3481.

James J. Laughlin, Washington, D. C., for appellant.

David C. Acheson, U. S. Atty., with whom Frank Q. Nebeker, Donald Hirsch and B. Michael Rauh, Asst. U. S. Attys., were on the brief, for appellee in Nos. 3441 and 3442.

Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, Hubert B. Pair and David P. Sutton, Asst. Corp. Counsel, were on the brief for appellee in No. 3443.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired).

CAYTON, Judge.

Appellant was charged with violating Code 1961, § 33–402, possession of narcotic drugs; Code 1961, § 33–416a, narcotic drug vagrancy; and Code 1961, § 40–301, operating a motor vehicle without a permit. He pleaded guilty and the court imposed a sentence of 360 days, with a recommendation for hospital treatment.

Appellant then filed a motion for reconsideration of the sentence, supported by an affidavit of his attorney, alleging that the plea of guilty was not voluntary. At a hearing on the motion, appellant's wife testified she had asked her husband "to plead guilty because I thought that he would get a suspended sentence and in that way he would have something hanging over his head that would help him out of his difficulty." The court sustained an objection to a question by appellant's attorney asking if she had discussed with her husband whether he was guilty of the offenses and also refused to let her say whether she had relayed information to him "as to what he should do when he appeared before the judge." Appellant's attorney then made a proffer that the wife would testify that she was satisfied her husband had a valid defense but that he should plead guilty since it was her desire and the desire of appellant's father that appellant should get outside treatment.

Appellant's father was called but he was not permitted to say if he had advised his son what to do when he appeared before the judge. Appellant proffered that the father would have testified that he had been assisting in maintaining appellant's wife and children and that the household could not be maintained without his financial help.

Testifying on his own behalf, appellant said he had difficulty with the use of narcotics. The court refused to let him give medical details, and his counsel then proffered that appellant had considerable difficulty with narcotics; also that his father had been assisting in supporting his family and that he was afraid that if his father cut off that assistance he would not be able to maintain his family. He then testified his plea of guilty was not voluntary and that he pleaded guilty because his father and wife told him he should "have something hanging over [his] head." He admitted having discussed his plea of guilty with counsel and that counsel advised him to plead guilty.

Appellant's attorney testified he had advised against the plea of guilty and that in his judgment there was a valid defense on the basis of an alleged unlawful search and also a valid defense on the merits. He further testified that he told appellant what his father and wife had suggested. He admitted telling appellant, "Your father and your wife want you to plead guilty, and I will acquiesce in view of the circumstances, although it is with some reluctance." In his affidavit in support of the motion, counsel stated, among other things, that he had told the father and the wife that he "could make no promise as to what would be done by the Court * * * [but] was of the belief that defendant would receive a suspended sentence upon condition that there be rigid supervision and that he be required to take outside psychiatric help."

The court, after hearing argument, denied appellant's motion. The basic issue on this appeal is whether there was error in refusing leave to change the plea after sentence.

A post-sentence motion to withdraw a plea of guilty is governed by Rule 20(d) of the Criminal Rules of the Court of General Sessions, which is in the same language as Rule 32(d) of the Federal Rules of Criminal Procedure. On such a motion the test is whether it should be granted in order to correct "manifest injustice." High v. United States, 110 U.S. App.D.C. 25, 288 F.2d 427 (1961); Watts v. United States, 107 U.S.App.D.C. 367, 278 F.2d 247 (1960). A motion after sentence to withdraw a plea of guilty is addressed to the discretion of the trial judge and his action can be disturbed only for an abuse of discretion. Smith v. United States, 116 U.S.App.D.C. 404, 324 F.2d 436 (1963); United States v. Guerini, 4th Cir., 296 F.2d 33 (1961); United States v. Moore, 2nd Cir., 290 F.2d 501 (1961); Vasquez v. United States, 9th Cir., 279 F.2d 34 (1960); Georges v. United States, 5th Cir., 262 F.2d 426 (1959).

It is clear that merely because a defendant believes the judge will be lenient with him does not vitiate a plea of guilty. Futterman v. United States, 91 U.S.App.D.C. 331, 202 F.2d 185 (1952); Verdon v. United States, 8th Cir., 296 F.2d 549 (1961). The evidence was merely that defendant's family wished him to plead guilty, not that he was coerced in any way. Nor was it shown that defendant entered his plea without a proper understanding of what such plea meant. It was made after consultation with counsel, however reluctant counsel may have been in agreeing to the plea.

We may assume that appellant hoped that since he was young, married, with two children, and a first offender, the judge would be lenient if he entered a plea of guilty. When this did not materialize, he decided to ask for a trial. Perhaps appellant would have fared better if he had pleaded not guilty and had gone to trial; and perhaps

not. But that is not the test. The real question is whether the guilty plea was shown to have been involuntary. The fact that his family advised him to enter the plea did not make it involuntary so long as he understood what he was doing. Such was the situation here, or so the trial court in its discretion had the right to find. The court was not required to hold that because appellant's father was helping support the family his advice assumed the proportions of coercion.

Affirmed.