Carl J. BETHEL, Appellant,

v.

UNITED STATES, Appellee.

Carl J. BETHEL, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Nos. 3781, 3782.

District of Columbia Court of Appeals.

Argued Nov. 8, 1965.

Decided Jan. 10, 1966.

Marvin J. Brenner, Washington, D. C., for appellant.

Charles L. Owen, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., Frank

Q. Nebeker and Robert E. Jordan, III, Asst. U. S. Attys., were on the brief, for appellee in No. 3781.

David P. Sutton, Asst. Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee in No. 3782.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

On February 10, 1965, appellant was charged with larceny by trick[1] (Case No. US 1327–65) to which he entered a plea of not guilty. On February 19, 1965, he was charged with another larceny by trick (Case No. US 1612–65) and with vagrancy[2] (Case No. DC 4088–65). He also pleaded not guilty to this larceny charge. The vagrancy case was continued to April 22, 1965.

When the larceny cases came on for trial on March 23, 1965,[3] appellant appeared with counsel, voluntarily withdrew his demands for a jury trial, and, prior to the start of the hearing before the trial judge, withdrew his plea of not guilty to the larceny by trick in US 1327–65 and pleaded guilty to that charge as well as to the vagrancy charge. The second larceny charge was nol-prossed by the government. Sentencing was deferred until April 13, 1965. On this date, prior to sentencing, appellant's attorney, at the request of his client, orally moved to withdraw appellant's pleas of guilty to the larceny and vagrancy charges on the ground that, at the time he entered the pleas, he was intoxicated to the extent he was unable to understand what he was doing. After hearing from both appellant and his attorney, the trial judge denied the motion and imposed concurrent sentences on both charges. These appeals ensued.

1. D.C.Code, 1961, § 22–2202.

2. D.C.Code, 1961, § 22–3302.

Appellant asserts error in (1) the denial of his motion, prior to sentencing, to withdraw his pleas of guilty and to enter pleas of not guilty; and in (2) the failure of the trial judge to make proper inquiries into the voluntariness of his pleas of guilty prior to accepting them.

Appellant argues that he should have been permitted, prior to imposition of sentences, to withdraw his pleas of guilty to larceny by trick and to vagrancy and to substitute pleas of not guilty on which he could have gone to trial. He relies on Criminal Rule 20(d) of the District of Columbia Court of General Sessions which provides:

"* * * A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

Its counterpart in the Federal Rules of Criminal Procedure is Rule 32(d) in identical language.

█ In allowing the withdrawal of guilty pleas prior to sentencing, the courts have been liberal out of consideration for a person accused of crime, especially if it is shown that the defendant pleaded guilty without proper advice from counsel and without fully understanding the consequences of his action. A trial should be ordered if the granting of the privilege seems "fair and just." On the other hand, if the plea of guilty was made voluntarily, with full understanding of the consequences, and upon advice of counsel, then the defendant cannot complain and may be held bound to his plea of guilty. What constitutes a "fair and just" reason is addressed to the discretion of the trial judge and the defendant has the burden of

3. The vagrancy case was also brought up on this date at the request of appellant's counsel.

establishing grounds to justify the withdrawal. Overwhelming authority holds that withdrawal of a plea of guilty orally presented before sentencing is not an absolute right but is a decision of the trial court, subject to reversal only for an abuse of discretion. Everett v. United States, 119 U.S.App.D.C. 60, 64, 336 F.2d 979 (1964); Gearhart v. United States, 106 U.S.App. D.C. 270, 272 F.2d 499 (1959).

In the present case appellant sought to withdraw his plea of guilty before imposition of sentence only upon the mere assertion, without corroboration by other evidence or by testimony of any witness, that he was intoxicated at the time he entered his plea. This amounts to nothing more than a claim by him of an absolute right to change his plea. This the appellant does not possess. If he had established by proper proof that he was in justifiable ignorance of his rights or did not understand the consequences of his act, had not had the advice and continuous support of counsel during all stages of his court appearances, or had acted from fear, mistake, coercion or duress, without doubt the discretion vested in the trial judge would have been exercised in his favor as being "fair and just" for the protection of appellant.

Here the record reveals a guilty plea intelligently and voluntarily made without equivocation and with the assistance of counsel at all times that appellant appeared in court. The trial judge observed nothing unusual in his demeanor or actions to suggest or indicate he was intoxicated in any degree, and certainly not to the extent that he was unaware of what he was doing. Appellant well knew he was to be sentenced in two cases instead of three. It is unbelievable that his trial attorney, a well-known practitioner at the bar, would have permitted his client to take any action in court while under the influence of intoxication. We are satisfied that the trial judge, prior to the denial of appellant's motion to withdraw his guilty pleas, fully and carefully reviewed the matter. We find no abuse, in the absence of a fair and just reason, in requiring appellant to be bound by his pleas of guilty to both charges or in the imposition of concurrent sentences thereon.

Appellant argues further that the trial judge erred in initially accepting his pleas of guilty without first determining that these pleas were made voluntarily, with an understanding of his rights, of the charges against him, and of the consequences of his action. He bases this argument principally upon the trial court's alleged omission to comply with a Resolution of the Judges of the United States District Court for the District of Columbia, promulgated June 24, 1959, under Rule 11 of the Federal Rules of Criminal Procedure. Although Federal Rule 11 is similar in language to Criminal Rule 9 of the trial court,[4] the procedure outlined by the Federal judges in their Resolution has not been adopted and made applicable to criminal cases in the Court of General Sessions. Moreover, there is no showing in the record of this case that the trial judge did not follow the dictates of Criminal Rule 9. Absent a contrary showing before us, we must presume that the trial court did fully inform appellant of his rights and the consequences that would follow acceptance of his pleas of guilty and was satisfied that appellant's action was voluntary and with knowledge of the nature of the charges to which he was pleading guilty. An error cannot be based upon something that does

---

4. "A defendant may plead not guilty, guilty or, with the consent of the court *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. If a defendant refuses to plead or if the court refuses to accept a plea of guilty, or if a defendant corporation fails to appear, the court shall enter a plea of not guilty."

not appear in the record. Baer v. District of Columbia, D.C.Mun.App., 182 A.2d 839, 840 (1962). Here the record is silent as to noncompliance.

As we find no error or prejudice to the rights of appellant, the action of the trial judge in both cases is

Affirmed.