**UNITED STATES of America, Appellee,**

v.

**Earl Dean FORD, Appellant.**

**Earl Dean FORD, Petitioner,**

v.

**District Judge Harrison L. WINTER.**

**Nos. 10409, 10420.**

United States Court of Appeals Fourth Circuit.

Argued May 3, 1966.

Decided June 15, 1966.

James A. Ehrhart, Baltimore, Md. (Court-appointed counsel), for appellant in No. 10,409 and petitioner in No. 10,-420.

Fred Kelly Grant, Asst. U. S. Atty. (Thomas J. Kenney, U. S. Atty., on brief), for appellee in No. 10,409 and District Judge Harrison L. Winter in No. 10,420.

Before SOBELOFF, BOREMAN and J. SPENCER BELL, Circuit Judges.

J. SPENCER BELL, Circuit Judge:

This is a criminal appeal and a petition for mandamus. The central issue is whether the district judge erred in refusing to allow the defendant to withdraw his plea of guilty prior to sentence. The defendant was indicted with two others in a six count indictment charging violation of the Dyer Act. 18 U.S.C.A. §§ 2312, 2313 and 2. Two counts of the indictment charged the defendant specifically: Count Three charged him with transporting a stolen red Chevrolet from Indiana to Maryland in violation of sections 2312 and 2, and Count Four charged him with "receiving" a stolen black Chevrolet moving from New Jersey to Maryland in violation of sections 2313 and 2.

Defendant was arrested in June 1965 by the Baltimore City Police. When it was determined that the crime involved interstate transportation he was turned over to the F.B.I. and arraigned. On the morning of October 20th defendant, through counsel, made a motion to suppress certain verbal evidence given to the F.B.I. The motion was denied. That afternoon, again represented by the same counsel, whose competence has not been questioned, the defendant entered a plea of guilty to Count Four of the indictment. Shortly thereafter defendant indicated to a probation officer that he desired to change his plea. Nine days later, on October 29, Judge Harrison L. Winter denied a motion to withdraw the guilty plea.

■ Granting leave to withdraw a guilty plea is within the discretion of the district court. Fed.R.Crim.P. 32(d). Such leave, however, "should be freely allowed." Poole v. United States, 102 U.S.App.D.C. 71, 250 F.2d 396, 400 (1957). Prior to the adoption of the Rules of Criminal Procedure the Supreme Court stated: "The court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for any reason the granting of the privilege seems fair and just." Kercheval v. United States, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927). But this does not imply that there are not some circumstances in which a defendant is not entitled to withdraw a plea of guilty. Everett v. United States, 119 U.S.App.D.C. 60, 336 F.2d 979 (1964); see, e. g., United States v. Guerini, 296 F.2d 33 (4 Cir. 1961). We cannot say that the district court abused its discretion in denying leave to withdraw the guilty plea.

This case does not involve a situation where the defendant lacked counsel, see Poole, supra, or where counsel had not had time adequately to prepare, see Kadwell v. United States, 315 F.2d 667 (9 Cir. 1963). Here counsel was appointed sometime in June; the guilty plea was accepted on October 20th. There is ample evidence that counsel was fully prepared; earlier that day he had strenuously argued a motion to suppress evidence. The district judge more than adequately met the requirements of Rule 11 in determining that the plea was "made voluntarily with understanding of the nature of the charge." Fed.R.Crim.P. Not only did the judge question the defendant as to his understanding of "the *meaning* of the charge, and what acts amount to being *guilty* of the charge, and the *consequences* of pleading guilty thereto," Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707, 710 (1958), he also required the government to summarize the evidence in their case and asked the defendant to state whether it was correct. Illustrative of the defendant's participation in the proceedings and his awareness of the factual situation was the defendant's objection to the description of the car as a black Chevrolet Impala. Instead he insisted that it was a black Chevrolet Impala Super Sport.

■ Defendant contends that his plea of guilty was tendered because of the adverse decision upon his motion to suppress evidence which he contends was in error. The question of the correctness of the decision on the motion does not survive the guilty plea. United States v. Sturm, 180 F.2d 413 (7 Cir. 1950); Vasquez v. United States, 279 F.2d 34 (9 Cir. 1960). Defendant cannot argue that he was unaware of this. Before accepting the plea Judge Winter specifically stated:

" * * * if you go to trial on a plea of not guilty but are found to be guilty, that you would then have a right to appeal and when you appealed, you would have a right to ask the appellate court, that is, the higher court that would hear an appeal from me, as to whether my ruling in refusing to suppress your statement was a correct one?

"(Defendant Ford) Yes, sir.

"(The Court) And further that if you plead guilty in this case, you would give up the right to take an appeal from my decision not to suppress your statement."

In addition counsel was available to advise him on preserving his rights.

■ Were we to consider the question of the correctness of the decision not to suppress the questioned evidence it would be difficult upon the record presented to find that the district court was clearly erroneous in determining that there was in this case no working arrangement between the Baltimore police and the F.B.I. In the absence of such arrangement the evidence was admissible.

We therefore conclude that the district court did not abuse its discretion by refusing to allow the defendant to withdraw his plea of guilty.

The decision of the district court is

Affirmed.