**Michael A. SHULER, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 5263, 5612.**

District of Columbia Court of Appeals.

Argued May 5, 1971.

Decided June 11, 1971.

Sol Rosen, Washington, D. C., appointed by this court, for appellant.

Stephen W. Grafman, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry, John R. Dugan, Ruth R. Banks and Richard L. Cys, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, KERN and PAIR, Associate Judges.

FICKLING, Associate Judge:

Appellant pleaded guilty to a charge of possessing narcotics in violation of D.C. Code 1967, § 33–402.[1] A motion was made to allow withdrawal of the plea on the ground that there had been a change in the law which would now prevent a review after sentencing of the appellant's pre-trial motion to suppress. The motion to withdraw the plea was denied. On this appeal we are asked to have appellant's plea vacated so that he may appeal the denial of his pre-trial motion to suppress. Since we find that the trial court did not improperly refuse to vacate the plea, we affirm.

Originally, appellant had been charged with possession of the implements of a crime as well as with possession of narcot-

---

7. *See* Clevenger v. Clevenger, *supra* note 4; Fuller v. Fuller, *supra* note 5.

1. Appellant was sentenced to 90 days, which sentence has already been served.

ics. After his motion to suppress was denied, he decided to plead guilty to the latter charge and the Government entered a nolle prosequi to the former. Before the plea was entered, appellant's counsel, who also represents him on this appeal, advised that the unfavorable ruling on the motion to suppress could be appealed even after a guilty plea.

Shortly after the plea was entered, the Supreme Court decided several cases concerning the effect of guilty pleas in post-conviction hearings.[2] Counsel argues that these decisions changed the law so that now the guilty plea would bar an appeal questioning the motion to suppress. We do not agree. Likewise, any advice that appellant could appeal this question after entering a plea of guilty was erroneous. In McMann v. Richardson, *supra* at 766, 90 S.Ct. at 1446, the Court stated that a guilty plea included "a waiver of the right to contest the admissibility of any evidence the State might have offered against the defendant," unless local law provided otherwise. But when this plea was entered, it was the law of this jurisdiction that such a plea did indeed include such a waiver. Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707, cert. denied, 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82 (1958); United States v. Frye, D.C.App., 271 A.2d 788 (1970). Rather than argue that the law changed, appellant should be arguing that he was not correctly advised; this may have raised an issue of ineffective assistance of counsel if appellant had not voluntarily and intelligently pleaded guilty.

"That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing." McMann v. Richardson, *supra* at 770, 90 S.Ct. at 1448. Absent any showing that appellant was *induced* to plead guilty solely because of advice given by counsel that an appeal would lie to review the denial of the motion to suppress, we hold that there was no "manifest injustice" and therefore it was not error to deny the withdrawal of the guilty plea.

There is nothing in the record to indicate that the judge who originally accepted the guilty plea failed to comply with GS Crim. Rule 11 (*see* McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969)), nor that the plea was not made intelligently or voluntarily.

Affirmed.

**2.** McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).