UNITED STATES of America,
Appellee,

v.

Leon TABORY, Appellant.

No. 71–1884.

United States Court of Appeals,
Fourth Circuit.

Argued May 8, 1972.

Decided June 21, 1972.

J. Lewis Mann Cromer, Columbia, S. C. (court-appointed counsel) for appellant.

Robert C. Clawson, Jr., Asst. U. S. Atty. for the District of South Carolina (John K. Grisso, U. S. Atty., on brief) for appellee.

Before BOREMAN, Senior Circuit Judge, and BUTZNER and FIELD, Circuit Judges.

BUTZNER, Circuit Judge:

Leon Tabory appeals his conviction, on a plea of guilty, of smuggling 2600 pounds of marijuana into the United States.[1] Tabory complains that the court failed to advise him that by pleading guilty he waived his privilege against self-incrimination; that his plea was not made voluntarily and intelligently; and that the court should have permitted him to withdraw his plea before sentencing. Finding no merit in these assignments of error, we affirm.

1. Tabory was convicted of violating 18 U.S.C. §§ 545 (smuggling) and 2 (aiding and abetting).

Rule 11 of the Federal Rules of Criminal Procedure requires a district court to ascertain whether a defendant's guilty plea "is made voluntarily with understanding of the nature of the charge and the consequences of the plea."[2] In the leading case interpreting the rule, the Supreme Court stated that a defendant who pleads guilty waives his constitutional privilege against compulsory self-incrimination and that to validate the waiver, the defendant must know of the privilege and intentionally relinquish it. McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). At the same time, because the Rule 11 inquiry necessarily varies from case to case, the Court expressly noted that it has not established "any general guidelines other than those expressed in the Rule itself." 394 U.S. at 467 n. 20, 89 S.Ct. at 1171. While the record must show that the defendant was informed of the consequences of his plea, Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), neither the rule nor *McCarthy* dictates that the court's explanation must conform to any litany. *Cf.* United States v. Ready, 460 F.2d 1238 (4th Cir. 1972); United States v. Frontero, 452 F.2d 406, 415 (5th Cir. 1971).

■ At Tabory's arraignment, Judge Martin conducted an extensive Rule 11 inquiry that substantially followed the procedure recommended in the Federal Judicial Center's Bench Book for United States District Judges § 1.05 (1969). The judge explained to Tabory that he had a right to plead not guilty and that if he elected to enter this plea, the government must come forward with witnesses to prove the charges beyond a reasonable doubt. In contrast, the judge told Tabory that if he pleaded guilty, he would waive his right to require the government to prove the charges, and he would subject himself by his plea of guilty to the maximum penalty provided by law. It is apparent, therefore, that although the judge did not expressly use the phrase, "privilege against self-incrimination," he adequately described this constitutional right and instructed Tabory that a plea of guilty would relinquish it. Consequently, we conclude that Tabory's arraignment fully satisfied the requirements of Rule 11. *Accord*, United States v. Frontero, 452 F. 2d 406, 415 (5th Cir. 1971); United States v. Berlin, 437 F.2d 901, 906 (7th Cir. 1971); United States v. Webb, 433 F.2d 400, 403 (1st Cir. 1970); *see* United States v. Ready, 460 F.2d 1238 (4th Cir. 1972) (dictum); ABA Standards Relating to Pleas of Guilty 25 (Approved Draft 1968). *Contra*, Sherman v. United States (9th Cir. 1972).

■ The record also discloses that Tabory's plea was entered voluntarily and intelligently. The court told Tabory that he had a right to be tried by a jury, to be confronted by the government's witnesses and to cross-examine them. The court then described in laymen's terms the charges against Tabory and informed him of the maximum sentence that could be imposed if he were convicted. The court next inquired whether any promises or threats had been made to induce Tabory to plead guilty and whether he was satisfied with his court-appointed counsel. Tabory acknowledged that he understood his rights, the charges against him, and the potential penalty. He assured the court that no threats or promises had been made to procure his plea and that he was satisfied with the services of his counsel. Finally, a customs inspector testified in detail how Tabory and his co-defendants smuggled the marijuana

---

2. The rule provides in part:
   ". . . The court may refuse to accept a plea of guilty, and shall not accept such plea . . . without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. . . . The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

from Jamaica to the South Carolina coast. Tabory did not dispute the accuracy of the report or the inspector's description of his role in the crime. Tabory, who is 45 years old, has a graduate professional degree. His colloquy with the judge during arraignment and sentencing demonstrates that he was mentally and intellectually competent to voluntarily enter his plea.

About a month after the arraignment, when Tabory appeared for sentencing, he moved to withdraw his plea of guilty. He stated that the plea was induced by fear that if he pleaded not guilty he could be sentenced to a maximum of forty years; that he owed it to his wife and children to assert his innocence; that the marijuana was unlawfully seized; and that he now thought he was not guilty. For its part, the government emphasizes that Tabory's plea was voluntary and intelligent. It also points out that at the term of court at which Tabory was arraigned, witnesses for the prosecution were available and the government was prepared to go to trial. Another jury term was not scheduled until six weeks or two months after the time that Tabory moved to change his plea.

■ Before sentence, a trial court may allow withdrawal of a plea of guilty for any fair and just reason. Kercheval v. United States, 274 U.S. 220, 224, 47 S.Ct. 582, 71 L.Ed. 1009 (1927).[3] We have said that leave to withdraw before sentencing normally should be allowed. United States v. McGirr, 434 F.2d 844, 847 (4th Cir. 1970); United States v. Roland, 318 F.2d 406, 409 (4th Cir. 1963) (dictum). But this dispensation should not be as freely granted when the government has been prejudiced by reliance on the defendant's guilty plea. United States v. Stayton, 408 F.2d 559, 561 (3d Cir. 1969); see 2 C. Wright, Federal Practice and Procedure § 538

(1969). Then the trial court must weigh the defendant's reasons for seeking to withdraw his plea against the prejudice which the government will suffer. On appeal, the court's denial of the motion will be overturned only for abuse of discretion. United States v. Ford, 363 F.2d 375, 377 (4th Cir. 1966); United States v. Guerini, 296 F.2d 33, 34 (4th Cir. 1961).

■ Tabory's fear of a harsher sentence was not unfounded. He had a prior narcotics conviction and was subject to prosecution under 21 U.S.C. § 176(a), which carried a minimum mandatory jail sentence of ten years and a maximum penalty of forty years. On the other hand, five years is the maximum sentence for the crime of which he was convicted. Nevertheless, Tabory's fear of a more severe punishment did not render his guilty plea involuntary. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). While Tabory's belated claim of innocence and his protest against the seizure of the marijuana were factors the district judge was required to consider, they do not compel permission to withdraw the plea. United States v. Hughes, 325 F.2d 789 (2d Cir. 1964) (claim of innocence); United States v. Ptomey, 366 F.2d 759 (3d Cir. 1966), and United States v. Ford, 363 F.2d 375 (4th Cir. 1966) (claims of inadmissible evidence). Offsetting Tabory's reasons for seeking to withdraw his plea of guilty was the prejudice to the government if his motion had been allowed. In weighing these factors, the judge fully considered Tabory's responses at arraignment and his statement before sentencing. We, in turn, attach significance to the careful procedures the judge followed in ascertaining, both at arraignment and sentencing, that Tabory's guilty plea was made voluntarily and intelligently and that it had a factual basis. From all of

3. Rule 32(d) of the Federal Rules of Criminal Procedure provides:

"A motion to withdraw a plea of guilty . . . may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

these circumstances we conclude that the district court did not abuse its discretion in denying Tabory's motion to withdraw his plea. *See* Farnsworth v. Sanford, 115 F.2d 375, 377 (5th Cir. 1940), cert. denied, 313 U.S. 586, 61 S.Ct. 1109, 85 L.Ed. 1541 (1941). ABA Standards Relating to Pleas of Guilty § 2.-1(b), and commentary at 3, 58 (Approved Draft 1968).

Affirmed.