**UNITED STATES of America**
**v.**
**Donald Lee ROBINSON.**
**Crim. No. B-74-0105.**

United States District Court,
D. Maryland.
Sept. 12, 1974.

---

Thomas L. Crowe, Asst. U. S. Atty., D. Maryland, for plaintiff.

J. Hardin Marion, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

BLAIR, District Judge.

The defendant, Donald Lee Robinson, was indicted, along with Robert Webster and Clarence Hawkins, for the armed robbery of the First Federal Savings and Loan Association of Annapolis, Severna Park Branch. Robinson and Webster were arraigned on February 26, 1974. Both pled not guilty, and their trial was scheduled for April 29, 1974. On April 19, Clarence Hawkins was arraigned and pled not guilty. His trial was set for June 6, 1974. On April 26, Donald Robinson pled guilty before this court, pursuant to a plea agreement under which the government would drop two charges in exchange for Robinson's testimony against Hawkins. Sentencing was postponed pending Robinson's testifying under the agreement. One week later, his codefendant, Webster, pled guilty to one count and, after waiving a presentence report, was sentenced to 18 years in prison. On June 3, 1974, the government requested, and was granted, a postponement of Hawkins' scheduled June 6 trial date, due to the refusal of Robinson and certain other witnesses to testify. The trial of Hawkins was rescheduled for August 26, 1974. A month and a half later, on July 22, defendant Robinson moved for leave to withdraw his guilty plea. At that time, defendant's counsel asked that action on the motion be deferred until further requested. Be-

cause of the unwillingness of Robinson and others to testify, on August 20, the government was forced to dismiss the indictment against Clarence Hawkins. Finally, on August 27, Robinson's counsel requested that this court take action on the defendant's motion to withdraw his guilty plea. That motion is now before this court, with the parties content to stand on their briefs.

At the April 26th rearraignment of the defendant, this court recalls that, before accepting Robinson's plea, it interrogated the defendant extensively as is required by Rule 11 of the Federal Rules of Criminal Procedure and as is the custom in this district. Furthermore, according to memory, no transcript being available, this court followed its usual procedure of requiring defendant Robinson to answer all questions concerning his knowledge of his rights and the factual basis for the plea while under oath. This court accepted the guilty plea only after being fully satisfied that the defendant understood his rights and the consequences of a guilty plea, that the defendant intended to plead guilty, and that, in fact, he was guilty of the crime charged. It should be noted further that, both in plea negotiations and at the rearraignment, the defendant was represented by highly competent counsel.

In his motion, defendant presents no good reason why a trial at this stage would be fair and just. See United States v. Truglio, 493 F.2d 574 (4th Cir. 1974); United States v. Webster, 468 F.2d 769 (9th Cir. 1972), cert. denied, 410 U.S. 934, 93 S.Ct. 1385, 35 L.Ed.2d 597 (1973); United States v. Ford, 363 F.2d 375 (4th Cir. 1966); Everett v. United States, 119 U.S.App.D.C. 60, 336 F.2d 979 (1964) (Burger, J.). He does not, for example, suggest that his guilty plea was involuntary[1] or the product of ineffective assistance of counsel, see United States v. Truglio, supra; nor does he claim that there is new and substantial

---

1. He alleges only, and in a conclusory fashion, that he " . . . did not fully understand the effect of the plea and his rights in the premises." At the Rule 11 proceedings the court, after inquiry, made affirmative findings to the contrary.

evidence tending to negate an element of the offense, *see* United States v. McGirr, 434 F.2d 844 (4th Cir. 1970). He does not even claim that he is, in fact, innocent of the acts charged. *See* United States v. Tabory, 462 F.2d 352 (4th Cir. 1972) (withdrawal denied). Instead, the defendant claims that his guilty plea should be withdrawn, first, because he never really wanted to fulfill, and did not fulfill, his part of the plea agreement and, second, because he wants to put the government to its proof. Neither reason warrants withdrawal of the guilty plea, in light of this court's determinations, at the rearraignment, that the plea was entered knowingly, with full understanding of rights, that it was entered with the aid of highly competent counsel, and that, in fact, the defendant had committed the offense. *See* United States v. Tabory, *supra;* United States v. Ford, *supra;* Everett v. United States, *supra.*

Having presented no plausible reason for forcing the government and this court into a trial, "the basic purpose of which is to determine the very facts which the defendant has just volunteered to the court on the record and while attended by his own counsel," the government need not demonstrate any particular prejudice. *See* United States v. Webster, *supra;* Everett v. United States, *supra.* Nevertheless, the government would be prejudiced by defendant's withdrawing his guilty plea at this time, fully four months after he entered it. *See* United States v. Tabory, *supra.* The lengthy delay could not but weaken the recollections and testimony of witnesses for the government, who presumably were ready for trial four months ago. Furthermore, after relying on its agreement with the defendant, the government was forced once to delay trial and then to dismiss the indictment against Hawkins, Robinson's codefendant. Thus, although prejudice need not be shown by the government, there would be prejudice if this court permitted withdrawal of the defendant's guilty plea at this time.

For the aforementioned reasons, the defendant Robinson's motion for leave to withdraw his guilty plea is, this 12th day of September, 1974, denied.