**Ronald SHEPARD, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 9025.**

District of Columbia Court of Appeals.

Argued March 11, 1976.

Decided Sept. 3, 1976.

Claude William Roxborough, Washington, D. C., for appellant.

Alexia Morrison, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Joseph B. Valder, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY and YEAGLEY, Associate Judges, and PAIR, Associate Judge, Retired.

YEAGLEY, Associate Judge:

Raised on this appeal is the question whether the trial court erroneously denied appellant's post-sentencing motion to withdraw a plea of guilty he entered on one count of robbery in June 1973. We affirm.

Appellant was charged in a fourteen-count indictment with offenses occurring in connection with the robbery of the Colonial Storage Company on July 21, 1972. On June 4, 1973, after conferring with his attorney and being advised of the government's case against him, appellant entered to one count of robbery a so-called *Alford* plea by which he conceded that he would be convicted of the charge if the case were brought to trial while not directly admitting his participation in the crime.[1] The trial judge originally assigned to the case was unavailable the day of appellant's plea, and it was entered before another judge. Subsequently appellant appeared for sentencing before the originally assigned judge at which time he made an oral motion to withdraw his plea. The motion was denied and a sentence entered on July 5, 1973, of 2 to 8 years, to run consecutively with a sentence entered earlier by the local United States District Court on a bank robbery charge. Appellant did not appeal.

Following sentence, appellant retained a new attorney who immediately renewed appellant's efforts to withdraw the plea. On August 30, 1973, the motion filed by the second attorney was withdrawn in open court.[2] According to the appellant the motion was withdrawn because of a financial disagreement with counsel.

In March 1974, appellant, by his third attorney once more filed a motion seeking leave to withdraw the plea which at that date was, in effect, a motion to set aside the conviction and sentence. After a hearing, the trial court denied the motion on October 24, 1974, making appropriate findings of fact.

Appellant argued in the trial court and now argues on appeal that leave to withdraw the plea should have been allowed because (1) he was under the influence of tranquilizers at the time he entered his plea, and (2) the case proffered by the government was based on perjured infor-

---

1. *See North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970), where the Court said:
   An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.

2. A copy of this motion is not in the record on appeal nor has it been located in the Superior Court jacket.

mation. On review, we concur in the trial court's conclusion that appellant failed to carry his burden[3] of showing that an upset of the plea was required to correct "manifest injustice". *See* Super.Ct.Cr.R. 32(e); *Bettis v. United States,* D.C.App., 325 A.2d 190 (1974); *Thomas v. United States,* D.C.App., 201 A.2d 520 (1964). *See also Durante v. United States,* D.C. App., 309 A.2d 321 (1973); *Bethel v. United States,* D.C.App., 215 A.2d 763 (1966).

■ By his motion of March 1974, appellant argued for the first time that he had been sedated at the time he entered his plea and therefore had been unable to choose intelligently between standing and waiving trial. In the findings filed with the order denying the motion, the court noted that the trial judge accepting the plea had determined at the time that appellant fully understood what the *Alford* plea of guilty meant, that the plea was voluntarily made, and that the medication[4] had not impaired appellant's ability to understand its significance. The trial court noted that appellant did not offer evidence to substantiate his claim as to the number of tranquilizers he had ingested prior to the hearing on the plea; that he did not offer medical testimony in support of his allegation that the medication had inhibited his ability to understand the effect of entering his plea; and that neither his original counsel nor the participating Assistant United States Attorney had observed anything in appellant's demeanor at the plea proceeding which suggested that he was not completely lucid. On the basis of these and related findings, the trial court concluded that appellant's plea had been voluntarily entered with a full appreciation of the consequences and with the aid of competent and conscientious counsel with whom he had discussed the case extensive-

ly. There being ample evidence in the record to support that conclusion it is controlling on our review. D.C.Code 1973, § 17–305(a); *In re A.B.H.,* D.C.App., 343 A.2d 573, 575 (1975).

The second point raised for withdrawal concerns Gregory Hinton, a co-suspect in the robbery. Hinton identified appellant at the preliminary hearing as one of the three men who participated in the crime and was expected by both sides to appear as a witness for the prosecution should the case come to trial. Hinton apparently had a change of heart after his own conviction for the Colonial Storage robbery. Appellant produced an affidavit with his March 1974 motion in which Hinton stated that his participation in the proceeding against appellant had been obtained by trickery on the part of the United States Attorney, and that he had deliberately given false testimony adverse to the appellant.

■ Appellant's proof of the Hinton affidavit fell woefully short of that which would have demonstrated that a grant of leave to withdraw the plea was necessary under the standard previously set out. Hinton did not appear at the hearing, and no evidence was offered to show that he falsely implicated appellant in the robbery. Nor was evidence offered to rebut the independent evidence proffered by the government which also identified appellant as one of the three participants in the crime. The only evidence offered which in any respect related to the Hinton affidavit was a brief recitation by the appellant of certain remarks allegedly made by Hinton at the time his affidavit was notarized. Hinton said at that time, according to the appellant, that he had implicated the appellant only after being told by agents of the prosecution that he himself had been implicated by the appellant. Hinton also said

---

3. *Shuler v. United States,* D.C.App., 278 A. 2d 116 (1971); *Lord v. District of Columbia,* D.C.App., 235 A.2d 322 (1967); *Thomas v. United States,* D.C.App., 201 A.2d 520 (1964).

4. Appellant regularly receives sedative medication to control the epileptic seizures to which he is subject.

according to the appellant, "Well, that is cool, man, like they ain't gave me five years suspended sentence. Man, I ain't going to testify for them people. They got to be crazy." Hinton's meaning is unclear; but if an inference can be drawn, it is that he had disaffiliated himself from the case against the appellant because of his dissatisfaction with the sentence entered after his own conviction for offenses related to the robbery of the storage company rather than by an obligation to absolve himself of perjury. It is of note that the Hinton allegations were of the most general sort in that he did not allege that he had falsely implicated appellant in the crime but only that he had given "false and misleading testimony", leaving it open to question—if the general allegation was taken as true—whether the testimony he would repudiate if called to task was significantly related to the case proffered against the appellant. In any event, there being a total absence of persuasive evidence to show a perjurious influence had materially infected the offer of the plea, no cause for relief was demonstrated and no error committed in denying the motion for withdrawal. The offer of a plea is a solemn act which may not be rescinded following conviction except upon a strong showing that interests of justice demand that the judgment be vacated and the case set down for trial.

■ Appellant argues finally that the motion now on review should be considered in light of the less restrictive standard applied to motions submitted prior to sentencing because, he asserts, the trial court improperly denied the oral motion to withdraw he offered on the day of sentencing.

This same claim was considered in the trial court and prompted a ruling that even if the March 1974 motion be considered as filed prior to sentencing, the court was of the opinion that "fairness and justice" [5] did not demand that the motion be granted. It appears from the testimony taken at the hearing on the March 1974 motion that appellant had stated at sentencing that he wished to withdraw his plea but had not stated a specific ground for which he wished to be permitted the retraction. Apart from the fact that the general demand raised by the oral motion did not provide cause for relief, *see Bethel v. United States, supra,* the disposition of the oral motion does not provide a source of independent controversy for consideration of the motion now on review. Appellant did not appeal his conviction, thereby declining to seek a direct review of the decision to deny the request for withdrawal which preceded sentence. The sole remedy which remained after the passage of the time allotted for appeal was that provided for in Rule 32 and pursued by appellant in his March 1974 motion which is whether the submission of the plea was so tainted by irregularity as to demand that the conviction be vacated in order to correct "manifest injustice". The court concluded that appellant had not made the required showing, and as we have stated, we concur in that conclusion.

The order denying appellant's March 1974 motion to withdraw is accordingly

*Affirmed.*

5. *See Bethel v. United States, supra,* 215 A.2d at 764.