**UNITED STATES of America**

v.

**Norman Anthony SCOTT.**

**Crim. No. M–77–0437.**

United States District Court,
D. Maryland.

Jan. 3, 1978.

Asst. U. S. Atty. David D. Queen, Baltimore, Md., for plaintiff.

Asst. Federal Public Defender Peter D. Ward, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

This case presents the question of whether a defendant in this Circuit, whose plea of guilty has previously been accepted by the court, must be allowed to withdraw his guilty plea before sentencing for the sole reason that the defendant, although admitting his guilt and that his plea of guilty was intelligently and voluntarily made by him, has changed his mind and wishes a trial. The government has conceded that it will not be prejudiced in the sense that all of its witnesses are still available.

■ There has grown up in this Circuit a rule that a defendant's motion for ". . . leave to withdraw a plea before sentencing *normally* should be allowed, but . . . this dispensation should not be as freely granted when the government has been prejudiced by reliance on the defendant's guilty plea." (Emphasis supplied). *United States v. Savage,* 561 F.2d 554, 556 (4th Cir. 1977). The Fourth Circuit rule grew out of dictum of the court when it said, in *United States v. Roland,* 318 F.2d 406 at 409 (4th Cir. 1963), that a motion to withdraw a guilty plea before sentencing "should be allowed with great liberality" and that it "should be allowable as of course, or almost so." *See United States v. McGirr,* 434 F.2d 844, 847 (4th Cir. 1970). A line of reported cases since that time in the Fourth Circuit has repeated the dictum and has enhanced it into the rule expressed in *United States v. McGirr, supra ; United States v. Tabory,* 462 F.2d 352 (4th Cir. 1972); *United States v. Truglio,* 493 F.2d 574 (4th Cir. 1974); and *United States v. Savage, supra.* Of the above cases, the court stated that the defendant should be allowed to withdraw his plea of guilty, under the circumstances in those respective cases, in *United States v. McGirr,* and in *United States v. Truglio.* In *United States v. Savage,* the court indicated that the defendant should be allowed to withdraw his plea of guilty if the government would not be prejudiced thereby. In *United States v. Tabory,* the court found that the government would be prejudiced by allowing the defendant to withdraw his plea of guilty and that the reasons advanced by the defendant in support of his effort to withdraw his plea of guilty were not sufficient to outweigh the prejudice to the government. In none of the cases were the circumstances so weak in support of a request to withdraw a plea of guilty as they are in the present case.

■ In *McGirr,* the defendant claimed that he was insane under the A.L.I. test at the time of the commission of the offense and the court, finding from the record that there was a psychiatric report from Saint Elizabeths Hospital to lend some support for the defendant's claim, concluded that the District Judge abused his discretion in denying the defendant leave to withdraw the plea of guilty before sentencing. Nothing in the report of the opinion indicates that the government would have suffered any prejudice by allowing the defense of insanity to be tried. In *McGirr,* the court indicated at 434 F.2d 847 that, in considering the motion for leave to withdraw a plea of guilty before sentencing, a District Judge should not ordinarily pass on the merits of a defense which the defendant indicates will be asserted if the plea is allowed to be withdrawn unless, in an extraordinary case, ". . . there is some reason to claim that the defense is 'patently frivolous' " in which event the District Judge should hold a hearing and ". . . consider the merits of the defense." In the present case, the defendant has admitted under oath at the time of the entry of the plea that he was guilty of the offense to which he entered the plea of guilty and he does not now contend that anything he said at the time of the entry of the plea of guilty was erroneous, involuntary, untrue, or said accidentally, unwittingly, or without full knowledge of the facts or the law.

In *Tabory,* Judge Butzner for the Fourth Circuit, acknowledging the rule in *McGirr,* concluded that the Rule 11 proceedings had been properly conducted when the plea had

been entered, that Tabory's "belated claim of innocence and his protest against the seizure of the marijuana" there involved did not compel permission to withdraw the plea of guilty and that prejudice was demonstrated to the government by the fact that witnesses were available and the government was prepared to go to trial when Tabory entered his plea of guilty, a new trial not being able to be scheduled apparently until approximately two months after the time that the defendant moved to change his plea, 462 F.2d at 354. Nothing in the opinion of the court indicates that the witnesses for the government would not have been available at such later date. In the present case, as above noted, the defendant, contrary to the *Tabory* case, does not contend that he is innocent.

In *United States v. Truglio*, the Fourth Circuit allowed a guilty plea to be withdrawn before sentencing, citing the rule in *McGirr*, where the court believed that the Rule 11 inquiry was insufficient and where, in addition, there was substantial reason to believe that the defendant had been denied his right to effective representation of counsel. It is not contended in the present case that the Rule 11 proceedings were in any way improper nor that the defendant was denied effective representation of counsel.

In *United States v. Savage*, the defendant, when entering his plea of guilty, denied his guilt and affirmatively relied upon *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), in nevertheless pleading guilty. At sentencing, but immediately prior to the entry of sentence, the defendant, Savage, sought to withdraw his plea, still maintaining his innocence, and belatedly seeking to require the government to prove his guilt. In those circumstances, the Fourth Circuit indicated that in the absence of prejudice to the government in reliance on the defendant's guilty plea, the defendant should be allowed to withdraw his plea of guilty. As previously noted, in the present case the defendant does not contend that he is innocent nor does he contend that he has any defense.

While it might be asserted that the defendant, by entering his plea of guilty, waived his right to challenge the validity of the identification evidence in the present case, the response to said assertion is that such waiver was made by him freely, voluntarily, and with full knowledge of the fact that the guilty plea constituted a waiver of his right to appeal the District Judge's decision previously entered on the identification question. Furthermore, the District Judge had held an extended hearing on the question of the validity of the identification. The identification evidence was so free from legal infirmity that any assertion to the contrary belatedly made or sought to be made on appeal by the defendant would be "patently frivolous" and be one of those extraordinary cases referred to by Judge Winter for the Fourth Circuit in *United States v. McGirr, supra,* at 847.

The defendant in the present case, at the hearing on his motion to withdraw his plea of guilty, stated that he had decided not to testify for the government in the trial of an individual who had been arrested by the FBI, at least partially on the strength of a statement given subsequent to his plea of guilty by the defendant to the FBI in partial compliance with his plea bargain. Contending that the FBI induced him to make statements which were partially untrue at his post-guilty plea interview, the defendant now states that he will not testify against the other individual and that he wishes to stand trial himself to "take his chances." In the absence of any asserted infirmity in the Rule 11 proceedings, in the absence of any contention that he was improperly represented by counsel, in the absence of any contention that anything he said at the Rule 11 proceeding was untrue or said unwittingly, in the absence of any contention that he is innocent of the crime to which he has entered a plea of guilty, in the absence of any contention that his plea bargain has been violated by the government, this court believes that there is no "fair and just reason" to allow withdrawal of the guilty plea, *United States v. Tabory*, 462 F.2d at 354, *citing Kercheval v. United States*, 274 U.S. 220, 224, 47 S.Ct. 582, 71

L.Ed. 1009 (1927), even if the government suffered no prejudice in reliance upon the plea of guilty.

In addition, the court notes that the plea of guilty was entered herein on the eve of the previously scheduled trial, when all witnesses were available and had been notified of the trial, after the identification witnesses had previously testified at a suppression hearing, and after a list of the veniremen had been furnished to counsel for the defendant pursuant to 18 U.S.C. § 3432 through herculean efforts of the Clerk's Office. When the guilty plea was entered, the Clerk's Office had to notify a portion of the 90 jurors who had been summonsed for the trial that they should not appear. In addition, the occupational and professional schedules of the innocent victims of the bank robbery which is the subject of this indictment have been disrupted by having to testify at the suppression hearing as well as by having to set aside time for the originally scheduled trial. Under the circumstances of the present case, this court has greater regard for the innocent victims of this crime than to cause them to be disrupted further by rescheduling this case for trial in the absence of any "fair and just reason" for there to be a trial.

In conclusion, the court is aware of the unpublished recent decision of the Fourth Circuit in *United States of America v. Lawrence and Wharton*, 565 F.2d 159 (4th Cir. 1978), in which the court, without discussion, indicated that Wharton, who apparently had requested to withdraw his plea without giving reasons, should be allowed to withdraw his plea of guilty if no prejudice was shown by the government on remand to the District Judge. While that unpublished opinion would seem at first blush to indicate that the Fourth Circuit's rule is an inflexible one to allow a plea of guilty to be withdrawn before sentencing in the absence of prejudice to the government, the sketchy facts set forth in the *per curiam* opinion indicate that there was some question in that case of whether there was effective representation of counsel at the time that the plea of guilty was entered in that one attorney represented several defendants.

This court prefers to rely upon the published opinions of the Fourth Circuit which have indicated that there is no inflexible rule. This court believes that the circumstances herein are such that the plea of guilty should not be allowed to be withdrawn.

The motion of the defendant for leave to withdraw his plea of guilty is DENIED this 3rd day of January, 1978.