64 F.3d 660
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jermaine HALL, Defendant-Appellant.
 No. 94-5720.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 27, 1995.
Decided: August 21, 1995.
 
 Rion Brady, Archdale, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 Before HAMILTON and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Jermaine Hall appeals from his conviction and 211-month sentence received after pleading guilty to one count of possession with intent to distribute over 200 grams of cocaine base ("crack"), 21 U.S.C. Sec. 841(a)(1) (1988). Finding no reversible error, we affirm.
 
 
 2
 * Hall and co-defendant Chavis were passengers on a bus that arrived at Greensboro, North Carolina. Members of the Drug Enforcement Agency, as part of a drug interdiction task force, boarded the bus to speak with the passengers. Hall and Chavis were among those passengers questioned. Hall claimed ownership of a gray bag stowed in the rack above his head. Neither Hall nor Chavis claimed ownership of a black bag stowed next to Hall's bag. After no one on the bus claimed ownership of the black bag, the agents treated it as abandoned and opened it, revealing over 200 grams of crack cocaine. The agents questioned Hall and Chavis separately. Hall admitted that he and Chavis owned the crack cocaine in the bag and that they were bringing it from New York to Charlotte, North Carolina, for resale.
 
 
 3
 After his motion to suppress his confession was denied, Hall entered an unconditional guilty plea to one count of possession with intent to distribute crack cocaine. The court conducted an extensive Fed.R.Crim.P. 11 colloquy at which Hall was represented by counsel. Counsel stated that Hall fully understood the charge against him and the plea agreement that had been reached. Hall acknowledged that he was able to hear the court, and that he fully understood both the charge against him and the plea agreement.
 
 
 4
 Forty days later, Hall filed a motion to withdraw his guilty plea. Hall argued that his plea was not knowing and voluntary because he was hearing voices in his head during the Rule 11 hearing and could not understand what was being said to him. The district court denied Hall's motion after reviewing the Rule 11 transcript and conducting a hearing at which Hall testified. The court took note of the fact that in a medical report from an examination at F.C.I. Butner, the doctor stated that Hall was "highly motivated to be viewed as severely mentally ill, and was pursuing this goal in part by providing false or grossly exaggerated reports of symptomatology." The court held that Hall had failed to show a credible assertion of legal innocence or that his plea was in any way involuntary. The court further stated that allowing withdrawal of Hall's plea would amount to a waste of judicial resources. Hall subsequently received a 211-month sentence and filed a timely appeal.
 
 II
 
 5
 Hall contends that the district court erred in denying his motion to withdraw his guilty plea. We disagree. Withdrawal of a guilty plea is not a matter of right. United States v. Ewing, 957 F.2d 115, 119 (4th Cir.), cert. denied, 60 U.S.L.W. 3261 (U.S.1992). The decision whether to grant a motion for withdrawal is committed to the district court's discretion. United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 502 U.S. 857 (1991). The factors to be considered include: (1) whether the defendant had close assistance of competent counsel; (2) whether the defendant credibly asserts his innocence; (3) the extent of the delay between the guilty plea and the motion to withdraw it; and (4) whether withdrawal at the time attempted would prejudice the government or waste judicial resources. United States v. Craig, 985 F.2d 175, 178 (4th Cir.1993). The defendant has the burden of establishing a fair and just reason for the withdrawal, even if the government has not shown it would be prejudiced by withdrawal. Fed.R.Crim.P. 32(3); see United States v. Lambey, 974 F.2d 1389, 1393 (4th Cir.1992) (en banc), cert. denied, 63 U.S.L.W. 3460 (U.S.1994).
 
 
 6
 Hall's sole basis for withdrawal of his plea was that he could not understand what transpired during the Rule 11 hearing because there were loud voices inside his head. This contention is belied by the record. The transcript from the lengthy colloquy between Hall and the district court during the Rule 11 hearing amply supports the court's conclusion that Hall's guilty plea was knowingly and voluntarily given. Hall responded to specific questions and stated that he was satisfied with his counsel, that he understood the charges, the plea agreement, the rights he was waiving, and the minimum and maximum possible sentence he could receive. Based upon the transcript from that hearing, the court concluded that Hall had failed to assert a credible claim of innocence, that he received the close assistance of competent counsel, and that permitting withdrawal of the plea would waste judicial resources.
 
 
 7
 The district court exercised an abundance of caution in ensuring that Hall was competent to plead guilty. Accordingly, we find that the court did not abuse its discretion in denying Hall's motion to withdraw his plea.
 
 
 8
 We decline to review the merits of the district court's denial of Hall's motion to suppress his confession. Hall's voluntary and knowing guilty plea foreclosed any objection to non-jurisdictional errors, Tollett v. Henderson, 411 U.S. 258 (1973), including the denial of a motion to suppress evidence. United States v. Ford, 363 F.2d 375, 377 (4th Cir.1966).
 
 
 9
 Hall's conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.