467 P.2d 914

**STATE of Arizona, Appellee,**

v.

**James F. WALTMAN, Appellant.**

**No. 1973.**

Supreme Court of Arizona,
In Banc.

April 16, 1970.

Rehearing Denied May 5, 1970.

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Richard D. Sorenson, Tucson, for appellant.

LOCKWOOD, Chief Justice.

Defendant, James F. Waltman, was informed against for the crimes of kidnapping, rape, and assault with a deadly weapon. He was defended by competent counsel. At his request he was examined by a psychiatrist who found him to be sane and capable of assisting with his defense. Every step of the prosecution was vigorously opposed by motion to quash, application for bill of particulars, application for a writ of prohibition, petition for a writ of habeas corpus, etc.

Trial commenced on June 25, 1964 in Superior Court. By the second day, after most of the state's evidence was admitted, the county attorney dismissed the charge of assault with a deadly weapon, and defendant changed his plea to guilty on the counts of kidnapping and rape. Defendant was found guilty of those crimes by the court.

A pre-sentence hearing was held at which various persons testified, and a handwritten statement of defendant was admitted. This statement described in detail several previous crimes committed by the defendant, similar to those for which he was being tried. Defendant appears to have had a penchant for searching "lovers' lanes" for men and girls parked in cars. He then immobilized the man at gun point and drove off with the girl to another spot where he raped her. His signed confession to the same conduct in the instant case is in the record.

On July 8, 1964 the court sentenced defendant to

"be punished by imprisonment in State Prison at Florence, Arizona, for a term of not less than 35 years and not more than 40 years on Count I and *15 to 20 years on Count II, to date from July 8, 1964, and said sentences to run consecutively.*" (Emphasis supplied.)

Defendant was taken to the state prison and began serving his sentence on July 10, 1964. No appeal was filed.

On June 8, 1968, nearly four years after the original sentence, defendant in propria persona filed in the Superior Court of Pima County, a petition for a writ of habeas corpus, on the grounds that (1) the sentence was excessive, (2) the sentence was improper in form, (3) the sentence was not properly certified to the warden, and (4) the sentence was ambiguous. Only number four seems to have been seriously argued. Superior Court Judge E. D. McBryde did not rule on the propriety of issuing a writ of habeas corpus, but ordered defendant returned to Superior Court for "resentencing." The case came on for hearing before Judge Alice Truman.

Defendant's attorneys at this point took the position that this order was tantamount to a writ of habeas corpus; that such a writ is issued only where the sentence is void; that if the sentence were void the defendant stood before the court in exactly the same circumstances as he would if sentence had not yet been imposed; that a defendant may withdraw a plea of guilty any time before sentence; and that defendant was entitled to a pre-sentence hearing at which he could show his good conduct and any other facts which had arisen since the conviction.

Superior Court Judge Alice Truman took the position that the sentence was not void; that there was no jurisdiction to change it after defendant had started serving it; that the sentence on the first count was clear; but that the sentence on the second count, though specifically ordered to run consecutively, did not clearly state that it was to commence when the sentence on the first count had been completed. She denied the motions to withdraw the guilty plea and to hold another pre-sentence hearing, resentenced defendant to the same terms, and clarified the language to remove any possibility of misunderstanding of its import. From these rulings, defendant appeals. He

has been furnished with transcripts and with an attorney to conduct the appeal.

Defendant's argument relative to the withdrawal of his plea is based upon his statements that (1) he was under the influence of tranquilizers which made him feel that he "didn't want to argue with anyone," (2) he was afraid that the police would make trouble for his wife as an accessory after the fact, and (3) he had tried to commit suicide in his jail cell.

The prosecution meets these arguments as follows: (1) Defendant never told his lawyer or the court about the tranquilizers. (2) His wife went home to her mother in Indiana before the trial, and so was not likely to be intimidated by the Arizona police. (3) There is no mention in the jail records of any attempted suicide.

■ In our opinion there is little merit to defendant's contentions. His plea of guilty was voluntary, came after the state's case was virtually completed, and was backed by his written confession, which he has not repudiated. It appears to have been the result of plea bargaining, by which the state dismissed one of three charges. The sentence was not excessive and was within the limits prescribed by statute. If we were to permit a withdrawal of a guilty plea several years after imposition of sentence, solely on the unsupported statement of the defendant, no plea could withstand a defendant's claim that he was ill, or in some secret manner coerced by his own fears for his loved ones.

Judge McBryde's order was not a grant of a writ of habeas corpus but was in the nature of a post conviction remedy. The order merely stated that the defendant should be resentenced. The original sentence was valid, though not couched in language which would be considered a model of clarity. The intention to make the sentences on the two counts run consecutively was obvious. It was so clear that motion to modify or vacate it, filed by his attorneys on July 20, 1964, states that "the sentences were consecutive and not concurrent."

■ We hold that the order to resentence defendant was just what it purported to be—a remand for the limited purpose of clarifying language. In our opinion the resentencing was unnecessary, but there was no harm in further clarifying the language of the sentence. In no sense is defendant's position correct in stating that the order of Judge McBryde placed the case in a posture that put defendant before the superior court "convicted but not sentenced at this point." There was nothing in the original sentence to make it void. The court had jurisdiction over the parties and over the subject matter, and a plea of guilty had been made. Any sentence within the statutory limits was valid. The language used in the sentence was subject only to correction for complete clarity—nothing more.

Judgment affirmed.

STRUCKMEYER, V. C. J., and UDALL, McFARLAND and HAYS, JJ., concur.