**UNITED STATES of America,**
**Appellee,**
v.
**Frank E. READY, Appellant.**
**No. 71–1960.**

United States Court of Appeals,
Fourth Circuit.

May 15, 1972.

Charles R. Langen, Fairfax, Va., court-appointed counsel, on brief for appellant.

Brian P. Gettings, U. S. Atty., and K. Gregory Haynes, Asst. U. S. Atty., on brief for appellee.

Before BOREMAN, Senior Circuit Judge, and WINTER and RUSSELL, Circuit Judges.

PER CURIAM:

Appellant, Frank E. Ready, was indicted on five counts, the first two charging him with fraudulent use of the mails in violation of 18 U.S.C. § 1341 and fraud by wire in violation of 18 U. S.C. § 1343. Count III of the indictment charged that the defendant conspired with one Norman McLain to commit the aforesaid fraudulent acts in violation of 18 U.S.C. § 371. Counts IV and V charged the defendant with forging and uttering of false instruments in interstate commerce in violation of 18 U.S.C. §§ 7 and 13, and Code of Virginia, 1950 as amended, Section 6.1–115. In June 1971 Ready appeared with counsel and entered a plea of not guilty to all counts. In September he again appeared with counsel, withdrew his plea of not guilty to count III and entered a plea of guilty to that count. The court accepted his plea of guilty and granted the Government's motion to dismiss counts I, II, IV and V. Ready was sentenced to three years in the federal penitentiary.

Prior to the acceptance of the guilty plea the district court addressed the defendant personally and interrogated and advised him at length pursuant to Rule 11 Fed.R.Crim.P. Ready was advised by the court that by pleading guilty he was waiving his right to a jury trial which was scheduled during the next week. The court explained in detail the nature of the conspiracy charge, the maximum sentence which could be imposed, and established a factual basis for the plea. The defendant stated that he had consulted with and been advised by his counsel. He freely admitted his guilt.

Ready asserts on appeal that he did not knowingly and intelligently waive his Sixth Amendment right to be confronted with the witnesses against him when he entered his plea of guilty without being specifically apprised of this right of confrontation and that by such plea he would waive this "fundamental right."

Rule 11 of the Federal Rules of Criminal Procedure requires a trial judge to ascertain whether a guilty plea is "made voluntarily with understanding of the nature of the charge and the consequences of the plea." Clearly among the consequences of a guilty plea is the waiver of several constitutional rights including the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront accusers. McCarthy v. United States, 394 U. S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418. But he was advised of his right to a jury trial which he very definitely waived and it was implicit in his waiver of his right to trial that there would be no witnesses against him and that there would be no confrontation by his accusers.

To satisfy the requirements of Rule 11 and to meet constitutional requirements it is not necessary for the court to spell out for the defendant every possible right provided by the Constitution for the protection of a person charged with crime. Here the defendant's intelligent waiver of trial by jury and his obviously voluntary desire to plead guilty negates any possible inference that he was unaware that by pleading guilty he was waiving his right to be confronted with witnesses against him.

Upon examination of the record and the briefs we have dispensed with oral argument and, finding no error, we affirm.

Affirmed.