ROBERT LOUIS REPONTE, Petitioner-Appellant, *v.* STATE OF HAWAII, Respondent-Appellee

NO. 5774

NOVEMBER 10, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR and KIDWELL, JJ.

OPINION OF THE COURT BY OGATA, J.

Petitioner-appellant, Robert Louis Reponte, (hereinafter appellant) appeals from an order of the circuit court dismissing his petition for a writ of coram nobis to set aside his 1970 burglary conviction upon his guilty plea and affirming his conviction. Appellant contends the trial court erred in the following respects: (1) In holding that appellant voluntarily and intelligently waived his right to the assistance of counsel as guaranteed to him under the United States Constitution and our State Constitution; and (2) in holding that appellant voluntarily and with full understanding of his rights to remain silent, to a jury trial and to confront witnesses against him,[1] waived those rights and entered his plea of guilty. We affirm.

On April 13, 1970, appellant, a high school graduate 19 years of age, after pleading guilty, was convicted of first degree burglary. His sentence was imposed on May 18, 1970, when the court sentenced him to twenty years in the state prison; but execution thereof was suspended and he was placed on probation for five years. During these criminal proceedings, the appellant was not represented by counsel. On July 2, 1974, appellant filed a petition for a writ of coram nobis in which he alleged that at the time he tendered his plea of guilty he was not aware of the ramifications of his refusing counsel, the elements of the offense or the defenses that could have been available to him.

On August 9, 1974, an evidentiary hearing was held upon the matters alleged in the petition, during which appellant himself was the only witness to testify. He was generally unable to remember what occurred when he pled guilty other than that he had been charged with burglary in the first degree and had not been represented by an attorney, matters which appear in the transcript of his arraignment. In re-

---

[1] In the statement of points in the opening brief, appellant asserts that the state failed to meet its burden in showing "that Petitioner-Appellant voluntarily and with full understanding of his constitutional rights waived said rights and entered his plea of guilty." The term "constitutional rights" as used by appellant is clarified in his brief to refer to these three rights.

sponse to leading questions by his own counsel he did summarily testify, however, that he had not known the elements of the crime of burglary nor of any lesser included offenses; that he had not known of any defense to the charge but that he had been drunk at the time of the offense and had been smoking marijuana; that he had not known that by pleading guilty, he could never go hunting again or hold ammunition or a gun; and that he had not fully understood "what was going on" when he pled guilty. At this hearing below, when asked the question "Why did you give up having a lawyer at that time?" appellant's response was simply "I don't know". The appellant did not complain that his plea was improperly induced or coerced, either by misrepresentation or physically, or that because of any mental or physical deficiency, he was incapable of understanding what he did. Further, he did not complain that he had misunderstood the charge to which he had pled guilty or that his waiver of counsel was ineffective. Rather, relying principally upon *Carvalho v. Olim*, 55 Haw. 336, 519 P.2d 892 (1974), he simply complained that "manifest error" occurred in connection with his plea of guilty in that the judge had not made an adequate inquiry into the voluntariness of his guilty plea and that, therefore, his waiver of rights and his plea of guilty were not sufficiently informed to have been voluntary.

In opposing the petition, the State relied solely upon a copy of the transcripts of the proceedings at appellant's arraignment and sentencing which was stipulated into evidence. The transcript of the arraignment shows that long prior to April 13, 1970,[2] when he entered his guilty plea, appellant had known that the prosecutor had intended to charge him with burglary.

The record of the hearing on the petition also discloses testimony by appellant that at some point during the six months between his arrest and arraignment he and his family had discussed his situation with a private attorney, but that ultimately the expenses of a private attorney had been too

---

[2] Appellant was not confined at any time, but released on bail.

high. The transcript of the arraignment, however, reveals that the appellant refused an offer by the court to provide him with an attorney to be paid by the State if he was unable to pay for one.

The transcript of the arraignment further shows that after the prosecutor had acknowledged that he had had an opportunity to explain the nature of the charge to appellant he had then filed an information[3] charging appellant with burglary in the first degree. The charge stated the elements of the offense. That transcript also demonstrates that a copy of the information had been handed to the appellant and read to him by the prosecutor; that appellant had acknowledged that he understood the charge against him and had stated that he knew the maximum penalty was twenty years; that the court finally required the prosecutor to inform the court of the factual basis for the charge;[4] and that after receiving this factual information the court accepted appellant's plea of

---

[3] The information read in substance as follows:

"The undersigned, Gerald S. Matsunaga, Second Deputy County Attorney of the County of Kauai, State of Hawaii, hereby accuses and charges and respectfully gives this Court to understand and to be informed as follows:

That Robert Louis Reponte and Hillgard Makana Kaialau, defendants herein, on or about the 17th day of October, 1969, at Lihue, County of Kauai, State of Hawaii, did enter the Kauai Police Department Building in the nighttime, with intent to commit larceny therein, thereby committing the offense of burglary in the first degree in violation of Chapter 726, Hawaii Revised Statutes."

[4] The prosecutor recited the following as the factual basis for the charge:

"MR. MATSUNAGA: Yes, your Honor. On October 17, 1969, at approximately 10:51, Acting Sergeant Albert Kaohi was contacted by the dispatch office, Officer Pat Ornellas, that the vice squad room had been entered into because several of the louvers on the door had been removed. Acting Sergeant Kaohi then proceeded to the Police Station, more particularly the vice squad room, and noticed that the narcotics used as evidence and display on a metal rack had been stolen.

He then contacted Sergeant George Costa, also of the vice squad; and they came to the conclusion that the subjects that would be involved in this offense would have been both Mr. Kaialau and Mr. Reponte, based on the fact that these were the only two subjects that had known where the marijuana or the illegal contraband was located inside of the vice squad room. Albert Kaohi then proceeded to Puhi, where he met the defendants, and when he arrived at the scene he asked to search the car but they did not want him to search the car, so he did not conduct a search of the vehicle.

guilty and made a finding that "The plea of the defendant is made voluntarily and with full understanding of the nature of the charge against him."

At the conclusion of the hearing below the judge orally stated:

". . . the Court feels that in this particular case here, the efforts of the Court to try to get the defendant in this case to accept the appointment of an attorney to help advise him and his subsequent refusal was done voluntarily; as I indicated[5] and is indicated in the transcript it was made voluntarily and understandingly.

"If we take the entire record of the case I have to conclude and I'm satisfied that in applying the fundamental fairness test, it is plain that even though no explanation was given to the petitioner of the defenses to the burglary charge, the facts and circumstances surrounding his waiver of the right to counsel and his plea of guilty shows and convinces me that it would not be unfair to let the judgment of conviction stand."

The judge also orally ruled that coram nobis is the proper writ to attack the former judgment in this case.[6] Although a more detailed findings of fact and conclusions of law would have been helpful to this court, none was filed. On September

---

But directly outside the vehicle were plastic vials that were dropped outside their vehicle. When he picked up the plastic vials, these were the vials that were contained in the evidence room because there were markings on them.

After noticing the plastic vials that had come from the police vice squad room, he then placed the defendants under arrest; and after being brought into the police station, the defendants did admit that they had broken into the police station."

[5] The hearing was held before the same judge who had accepted the guilty plea of appellant and who had sentenced him. Counsel for all parties had consented to this procedure.

[6] The State has not cross-appealed from this ruling. Since it is the decision of this court that appellant is not entitled to relief, it is unnecessary for this court to pass upon the appropriateness of a writ of coram nobis in this case. Carvalho v. Olim. 55 Haw. 336, 519 P.2d 892 (1974); see Wong v. Among, 52 Haw. 420, 477 P.2d 630 (1970); see, generally, 18 Am. Jur. 2d Coram Nobis, §§ 1-40. See also H.R.Cr.P. Rule 32(d) which allows the court to set aside a conviction after sentence and permit the withdrawal of a guilty plea "to correct manifest injustice."

4, 1974, the circuit court entered an order dismissing the petition and affirming the conviction.

I.

There is no question that Rule 11, H.R.Cr.P.,[7] mandates that a defendant must be advised and informed of his constitutional right to counsel so that he would be able to intelligently understand and appreciate his right at least to the extent that if he chooses to waive his right to counsel that choice would be based upon a knowing and intelligent exercise of his right. Further the rule imposes a duty upon the court not to accept a plea of guilty from a defendant without first determining that the plea is made voluntarily with full understanding of the nature of the charge.

We have held in *Carvalho v. Olim, supra,* and *Wong v. Among,* 52 Haw. 420, 477 P.2d 630 (1970), that where the absence of a record precludes this court from ascertaining whether a waiver of counsel or the entry of a guilty plea is knowing and voluntary, the state has the burden of proving that the petitioner voluntarily and intelligently waived his right to counsel; and further that since no justification for a guilty plea can be inferred from a silent record the state has the burden of proving the validity of petitioner's guilty plea. However, in regard to the burden of proof, this is not a case like *Carvalho v. Olim, supra,* or *Wong v. Among, supra,* because we have a complete record of the 1970 criminal proceedings involving appellant from his first appearance in

---

[7] Rule 11, H.R.Cr.P. states:

"PLEAS

A defendant shall be apprised of his right to counsel before plea. He may then plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty."

court on April 13, 1970. Accordingly, in this coram nobis proceeding the appellant carried the burden of proof. *United States v. Morgan*, 346 U.S. 502, 512 (1954). *Cf.* H.R.Cr.P. Rule 32(d) and *Meyer v. United States*, 424 F.2d 1181 (8th Cir.), *cert. den.*, 400 U.S. 853 (1970). *See also Russell v. Blackwell*, 53 Haw. 274, 283, 492 P.2d 953, 959 (1972).

We now consider whether appellant has shown by preponderance of the evidence whether he did not voluntarily and intelligently waive his constitutional right to counsel, and whether the court accepted his guilty plea without first determining that it was made voluntarily and with full understanding of the nature of the charge and the consequences thereof.[8]

## II.

The Sixth and Fourteenth Amendments to the United States Constitution guarantee to a person accused by the state of committing an offense the right to be represented by counsel at every critical stage of the prosecution. *United States v. Ash*, 413 U.S. 300 (1973); *United States v. Wade*, 388 U.S. 218 (1967); *Johnson v. Zerbst*, 304 U.S. 458 (1938). Our State Constitution in Article I, Section 11, also provides a similar right to a person accused of an offense. *See State v. Dicks*, 57 Haw. 46, 549 P.2d 727 (1976).

We stated in *State v. Dicks*, 57 Haw. at 48, 549 P.2d at 729, that "The right to counsel is waivable when it is voluntarily and intelligently undertaken."

In *Johnson v. Zerbst*, 304 U.S. at 464, the United States Supreme Court stated: "A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that

---

[8] These two questions represent a slight change from the two contentions presented to us by appellant as set forth previously in the second sentence of this opinion and such an alteration is required because the burden of proof is on the appellant.

case, including the background, experience, and conduct of the accused.'' In other words, the "totality of the circumstances" surrounding this problem must be considered. *State v. Dicks, supra.* We conclude that viewed in this light the record here does not persuade us that the appellant had met his burden that he did not voluntarily and intelligently waive his right to counsel.

### III.

We stated in *Wong v. Among*, 52 Haw. at 425, 477 P.2d at 634:

"A plea of guilty in itself is a conviction and simultaneous waiver of several important constitutional guarantees — the privilege against self incrimination, a trial by jury, and the confrontation of one's accusers. Such a waiver is not constitutionally acceptable unless made voluntarily and with full understanding of the consequences. (Citations omitted.)''

The standard for determining the constitutional validity of guilty pleas "was and remains whether the plea represents a voluntary and intelligent choice among the alternate courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). Under this test we are not convinced, nor was the court below, that appellant's plea was entered involuntarily and without full understanding of the nature of the offense and the consequences thereof.

Because there is a complete record of the proceedings on the guilty plea, the trial court substantially complied with *Boykin v. Alabama*, 395 U.S. 238 (1969),[9] and Rule 11, H.R.Cr.P., which does not specifically require any litany or ritual to be personally addressed to defendant by the court.' *State v. Dicks, supra.* The record palpably shows that appellant was fully aware that he had the right to plead not guilty

---

[9] *Boykin, supra,* declared that the United States Constitution requires a state court which accepts a guilty plea to make some record showing that the plea was knowingly and voluntarily entered.

and to proceed to trial with or without a jury, and concommitant therewith, that he had the right or privilege against self-incrimination and to confront his accusers. *See United States v. Sherman*, 474 F.2d 303 (9th Cir. 1973); *United States v. Ready*, 460 F.2d 1238 (4th Cir. 1972); *Barrett v. State*, 544 P.2d 830 (Alas. 1975), *aff'd on rehearing*, 546 P.2d 161 (1976). Further, appellant was fully aware that he would be submitting to the possibility of receiving a sentence of twenty years of imprisonment. Although at the hearing below on the petition he denied understanding the charge, at the time he entered his plea of guilty in 1970, he stated explicitly that he did understand the charge. From the factual basis presented to the court, it was advised that the appellant and the co-defendant were the only persons, other than police personnel, who knew where in the vice squad room of the police station the narcotics were kept. Moreover, from this synopsis the court knew the circumstances immediately preceding their arrest: that they had objected to a search of their vehicle by the police who immediately thereafter found the plastic vials directly outside of their vehicle; and that when these plastic vials were picked up by the officer, he recognized that they were from the vice squad room. Under these circumstances, the court could have reasonably concluded that appellant and his co-defendant entered the vice squad room with the specific intent to take the narcotics for their own use. His simple reversal of position in 1971 is not sufficient to set aside the conviction where it is clear from the record made at the entry of the plea that he voluntarily acknowledged understanding the charge. *State v. Dicks, supra; United States v. Sherman, supra; United States v. Ready, supra; Barrett v. State, supra; People v. Burgess*, 34 Ill. App. 3d 966, 342 N.E.2d 407 (1975); *People v. Trenter*, 3 Ill. App. 3d 889, 279 N.E.2d 130 (1972). *Cf. Henderson v. Morgan*, ___ U.S. ___, ___, n. 18, 96 S. Ct. 2253, 2258 (1976); *Id.*, ___, n. 2, 96 S. Ct. 2253, 2260 (White, J., concurring).

Appellant's argument that his conviction should be vacated because he was not informed that he would not be allowed to hunt or hold ammunition or a gun is easily dis-

missed. Appellant has not cited a case, nor have we found one, that has set aside a conviction for that reason. Rather the law on the subject is that an accused need not be informed prior to the acceptance of his guilty plea about every conceivable collateral effect the conviction might have.[10]

Finally, we dispose of appellant's argument that the court did not make any inquiry into appellant's defense. *Cf. State v. Sullivan*, 107 Ariz. 98, 482 P.2d 861 (1971). In this regard appellant primarily relies on the defense of intoxication. He had testified at the coram nobis proceeding that he was drunk at the time he entered the police station. We deem that this mere assertion, without further evidence, is insufficient to warrant setting aside in 1974, the 1970 burglary conviction and to further require another vigilant examination of appellant's state of mind at the time of the crime. *State v. Waltman*, 105 Ariz. 520, 467 P.2d 914 (1970); *People v. Newlin*, 31 Ill. App. 3d 735, 334 N.E.2d 349 (1975). We find that the record adequately supports the conclusion that appellant had sufficient mental capacity to form the specific intent to commit the crime of theft.

For the reasons heretofore mentioned, we hold that the trial court was correct in denying the petition for a writ of coram nobis.

---

[10] *See, e.g.*, Aguilera-Enriquez v. Immigration and Naturalization Service, 516 F.2d 565 (6th Cir. 1975) and United States v. Parrino, 212 F.2d 919 (2d Cir.), cert. den. 348 U.S. 840 (1954) [conviction might subject alien to deportation]; Meaton v. United States, 328 F.2d 379 (5th Cir. 1964), cert. den. 380 U.S. 916 (1965) [conviction might result in loss of passport and travel abroad]; Redwine v. Zuckert, 115 U.S. App. D.C. 130, 317 F.2d 336 (1963) [civilian conviction might result in undesirable discharge from the Air Force]; United States v. Cariola, 323 F.2d 180 (3d Cir. 1963) [conviction might deprive accused of the right to vote in some states]; Tafoya v. State, 500 P.2d 247 (Alaska 1972) [deportation]; People v. Thomas, 41 Ill. 2d 122, 242 N.E.2d 177 (1968) [civil consequences such as loss of right to vote and ineligibility to hold elective or public office]; People v. Nelson. 26 Ill. 2d 337, 186 N.E.2d 362 (1962) [conviction could be used as a basis for imposition of consecutive sentences on future convictions].

But there is a split in the federal courts as to whether ineligibility for parole is a consequence of a plea about which a defendant must be informed under F.R.Cr.P. 11. *See* Anno., Ineligibility for Parole as "Consequence" of Guilty Plea Which Trial Judge Must Determine That Defendant Understands, Under Rule 11 of Federal Rules of Criminal Procedure. 8 ALR Fed. 760.

Affirmed.

*Patricia K. O'Toole*, Deputy Public Defender (*James G. Jung, Jr.*, Deputy Public Defender on the briefs), for petitioner-appellant.

*Malvin J. Gillin, Jr.*, Deputy Attorney General (*Stuart P. Shapiro*, Deputy Attorney General, on the brief), *Gerald S. Matsunaga*, Prosecuting Attorney, County of Kauai, appeared but did not argue, for respondent-appellee.