UNITED STATES of America

v.

**Kenneth DAWKINS, a.k.a. Kenneth Norris, a.k.a. Michael Dawkins.**

Crim. No. 77–57–5.

United States District Court,
E. D. Pennsylvania.

April 25, 1978.

Donald Manno, Strike Force of U.S. Atty's Office, Philadelphia, Pa., for plaintiff.

Jeffrey Miller, Federal Division of Defender Assn., Philadelphia, Pa., for defendant.

## OPINION

FOGEL, District Judge.

Defendant was named in two counts of an indictment charging conspiracy to distribute heroin and cocaine in violation of 21 U.S.C. § 846, and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). On July 21, 1977, he pleaded guilty to both counts. Defendant appeared for sentencing on October 20, 1977, and moved to withdraw his guilty plea. After full consideration of the matter, defendant's motion was denied. Subsequently, he appealed from our ruling to the Court of Appeals; this opinion sets forth the basis for our decision.

### I

The acceptance of guilty pleas is governed by Rule 11 of the Federal Rules of Criminal Procedure which provides in pertinent part as follows:

\* \* \* \* \* \*

(c) *Advice to Defendant.* Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

(2) if the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him; and

(3) that he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and

(4) that if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial; and

(5) that if he pleads guilty or nolo contendere, the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement.

(d) *Insuring That the Plea is Voluntary.* The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or his attorney.

(e) *Plea Agreement Procedure.*

\* \* \* \* \* \*

(2) *Notice of Such Agreement.* If a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered. . . .

(3) *Acceptance of a Plea Agreement.* If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement.

\* \* \* \* \* \*

(f) *Determining Accuracy of Plea.* Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

\* \* \* \* \* \*

In the present case, defendant was meticulously questioned prior to the Court's ac-

ceptance of his plea and it was established on the record that defendant understood the following essentials:

(1) his Fifth Amendment right to remain silent, which he elected to waive—(N.T. pp. 6–7);

(2) false answers to the Court's questions under oath could subject him to additional penalties—(N.T. p. 7);

(3) the nature of the plea proceeding—(N.T. pp. 8–9); [1]

(4) the essence of the plea agreement—(N.T. pp. 5–6);

(5) the nature of the charges to which he was pleading guilty—(N.T. p. 15);

(6) the acts underlying the substantive offenses to which he was pleading guilty—(N.T. p.p. 11–15);

(7) the maximum sentence which he could receive if his plea was accepted—(N.T. p. 17);

(8) his ineligibility for sentencing under the Youth Corrections Act, 18 U.S.C. § 5005 et seq.—(N.T. p. 18);

(9) the non-participation of the Court in the plea agreement—(N.T. pp. 17–18), or in any sentencing discussions—(N.T. p. 22);

(10) his right to trial by jury—(N.T. p. 9);

(11) his right to counsel to assist him at trial, as well as his right to court appointed counsel if he could not afford to pay an attorney—(N.T. p. 11);

(12) the Government's burden to prove his guilt beyond a reasonable doubt if he elected to stand trial—(N.T. p. 10);

(13) the presumption of innocence until proven guilty beyond a reasonable doubt, if he elected to stand trial—(N.T. p. 10);

(14) his right, if he elected to stand trial, to decline to introduce any evidence and to invoke the Fifth Amendment with the knowledge that a jury would be instructed that no adverse inference could be drawn—(N.T. pp. 10–11);

(15) his right to subpoena witnesses if he chose to call them—(N.T. pp. 10–11); and

(16) a recapitulation which informed him that he was giving up this valuable bundle of rights by entering a guilty plea—(N.T. pp. 9–11).

Defendant acknowledged that he understood the implications of the plea, and was represented by counsel at all times during the proceedings; he testified as follows:

(1) he admitted committing the acts with which he was charged knowing them to be illegal, and that his actions were voluntary and intentional and not due to accident, mistake, coercion or threats—(N.T. pp. 15–16);

(2) he stated that he had not been induced to plead guilty by anyone's promises—(N.T. pp. 16–17);

(3) he further said that his plea was not induced by threats or coercion—(N.T. p. 16); and

(4) he admitted that he was pleading guilty because he was in fact guilty and for no other reason—(N.T. p. 16).

Thereafter, the Government's attorney informed us of the facts that would be established if the case were tried and we found that a factual and legal basis existed for the plea. Accordingly, defendant's guilty plea was accepted.

 It is, of course, well settled that a guilty plea may be withdrawn without a showing of manifest injustice when a court accepts the plea without first satisfying the colloquy requirements of Rule 11. *McCarthy v. United States,* 394 U.S. 459, 463–464, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *United States v. Cantor,* 469 F.2d 435, 437 (3d Cir. 1972). After careful examination of the record in the present case, we find that there has been compliance with Rule 11. In reaching our decision, we note that defendant was not specifically informed that if his case went to trial, he would have the right to cross-examine witnesses. However, in light of the fact that defendant was informed of all the other rights he was waiv-

---

1. Defendants stated that he was not currently under the influence of drugs or alcohol, that he had not been under a doctor's or a psychiatrist's care in recent months, that he understood what was going on, and that he felt fully capable physically and mentally of proceeding with the plea.

ing by pleading guilty, and voluntarily did so, we do not deem this omission significant. Our decision on this issue is buttressed by the case of *United States v. Ready*, 460 F.2d 1238 (4th Cir. 1972), wherein the court stated:

> To satisfy the requirements of Rule 11 and to meet constitutional requirements it is not necessary for the court to spell out for the defendant every possible right provided by the Constitution for the protection of a person charged with crime. Here the defendant's intelligent waiver of trial by jury and his obviously voluntary desire to plead guilty negates any possible inference that he was unaware that by pleading guilty he was waiving his right to be confronted with witnesses against him.[2]

Moreover, we believe that in the present case, as in *Ready, supra*, " . . . it was implicit in [defendant's] waiver of his right to trial that there would be . . . no confrontation by his accusers." [3] Accordingly, we conclude that defendant's plea should not be set aside on the basis of the Court's failure to comply with Rule 11.

## II

■ Defendant moved, pro se, to withdraw his guilty plea on the following grounds:

(1) that upon meeting with his attorney he was immediately advised to plead guilty, and was never given the opportunity personally, or through counsel, to argue his innocence—(N.T. p. 4);

(2) that his attorney was unaware of all the operative facts in his case—(N.T. p.p. 10, 11); and

(3) that his statements at the time of the plea proceeding were true to the best of his knowledge at the time, but since that time it became clear to him that the statements were not true—(N.T. p. 5).

Although prior to sentencing a plea may be withdrawn for any fair and just reason, *Kercheval v. United States*, 274 U.S. 220,

224, 47 S.Ct. 582, 71 L.Ed. 1009 (1927), upon full consideration of the record before us, we find that defendant has failed to meet this standard. In reaching this conclusion, we give great weight to the testimony of defendant's attorney, Joseph Miller, who is a departmental attorney of the Federal Court Division of the Defender Association of Philadelphia. His testimony may be summarized as follows: [4]

1) defendant was originally represented by Douglas Riblet, a departmental attorney of the Defender Association of Philadelphia, but on June 15, 1977, the case was reassigned to him;

2) prior to the reassignment, Mr. Riblet had worked "extensively" on defendant's case;

3) after the reassignment he reviewed Mr. Riblet's work product and discussed the case with him;

4) he personally met with defendant several days prior to the scheduled trial date and discussed the case;

5) he would have informed defendant of any defenses arising from the facts defendant related to him, and they would have been taken into consideration prior to the plea; and

6) in light of the facts elicited from pretrial discovery and his discussion with defendant, he was not surprised by defendant's plea.

In view of this testimony, we reject as frivolous defendant's contention that he was immediately advised to plead guilty and, thus, deprived of the opportunity to argue his innocence. Defendant's assertion is contradictory to the testimony of Mr. Miller who has proven himself to be a competent and reliable officer of this Court. It is logically inconsistent with his testimony at the plea proceeding in which he stated that he had not been induced to enter the plea because of anyone's promises, threats, or coercion; and to the contrary, he said he

---

**2.** 460 F.2d at 1239.

**3.** *Id.*

**4.** N.T. pp. 11–12, 15.

was entering the plea because he was in fact guilty and for no other reason—(N.T. pp. 16–17).

Defendant also claims that Mr. Miller was unaware of all the operative facts of his case. Our inquiry into this claim revealed that, according to defendant, Mr. Miller was unaware that defendant was living with co-defendant Frederick Morse.[5] Defendant testified, however, that he had informed Mr. Riblet, his original attorney, of that fact (N.T. p. 13); further, Mr. Miller testified that Mr. Riblet had related that fact to him—(N.T. p. 15). Therefore, we found that defendant's attorney was aware of all the operative facts of defendant's case, and that defendant's plea could not be withdrawn on the basis of this claim.

Lastly, defendant argues that although his testimony at the plea proceeding was true, it has subsequently become clear to him that his testimony was not true. With respect to this argument, defendant was specifically asked in open court:

[W]hat is the new knowledge you have now that makes those statements untrue now?[6]

Defendant began a somewhat incoherent narrative in response to the Court's question *but finally, after consulting with Mr. Miller, answered the question in the negative*—(N.T. pp. 6–8). Thus, defendant failed to provide a basis for withdrawing his plea.

Accordingly, defendant was sentenced on October 20, 1977.

---

**5.** Defendant also claimed that Mr. Miller was unaware that Frederick Morse was having marital problems (N.T. p. 13). We feel that this claim warrants no discussion since, even if true, it would not furnish a basis for the withdrawal of defendant's plea.

**6.** N.T. pp. 6–7.