STATE OF HAWAI`I, Plaintiff-Appellee,
v.
ANTON MYKLEBUST, also known as Red, Defendant-Appellant.
No. 28756
Intermediate Court of Appeals of Hawaii.
November 28, 2008.
On the briefs:
Nelson W.S. Goo, for Defendant-Appellant
Peter B. Carlisle, Prosecuting Attorney, Loren J. Thomas, Brian R. Vincent, Deputy Prosecuting Attorneys, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE and LEONARD, JJ.
Defendant-Appellant Anton Myklebust (Myklebust), aka "Red", appeals the Judgment of Conviction and Sentence filed on August 21, 2007 (Judgment), in the Circuit Court of the First Circuit.[1] On appeal, Myklebust raises a single point of error, contending that the Circuit Court erred when it denied his Motion to Withdraw Guilty Plea, filed on June 28, 2007 (Motion to Withdraw Plea).
In the Circuit Court, the written Motion to Withdraw Plea was based on a single ground, i.e., subsequent to Myklebust's guilty plea, Myklebust was shown new evidence and discovery "including the toxicology report on the complaining witness (which tested positive for methamphetamine)." At the hearing on the motion and on this appeal, Myklebust also argues that the Circuit Court should have allowed the withdrawal of his plea because: (1) his decision to plead guilty was unduly influenced by his lengthy pretrial incarceration; (2) the Motion to Withdraw Plea was filed prior to sentencing and the State would not have been prejudiced by the withdrawal of the guilty plea; (3) his decision to plead guilty was unduly influenced by his mother, the media, his attorney, and/or the Circuit Court; (4) his attorney failed to obtain discovery of the level of methamphetamine intoxication of the complaining witness and failed to provide Myklebust certain discovery; and (5) the Circuit Court failed to conduct a colloquy on the "sex offender addendum."
Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced, applicable authorities, and the issues raised, we resolve Myklebust's point of error as follows:
"A defendant does not enjoy an absolute right to withdraw his or her guilty plea." State v. Topasna, 94 Hawai`i 444, 451, 16 P.3d 849, 856 (App. 2000) (citing State v. Merino, 81 Hawai`i 198, 223, 915 P.2d 672, 697 (1996)). Hawai`i Rules of Penal Procedure (HRPP) Rule 32(d) provides in part:
A motion to withdraw a plea of guilty or of nolo contendere may be made before sentence is imposed or imposition of sentence is suspended; provided that, to correct manifest injustice the court, upon a party's motion submitted no later than ten (10) days after imposition of sentence, shall set aside the judgment of conviction and permit the defendant to withdraw the plea.
In Topasna, this court discussed the withdrawal of a guilty plea:
Accordingly, when the motion to withdraw guilty plea is made after sentence is imposed, the "manifest injustice" standard applies to the court's consideration of the motion. On the other hand, where . . . the motion is made before the court passes sentence, a more liberal approach is to be taken, and the motion should be granted if the defendant has presented a fair and just reason for his request and the prosecution has not relied upon the guilty plea to its substantial prejudice.
Where the record pertaining to the motion to withdraw guilty plea is complete, . . . the defendant has the burden of establishing plausible and legitimate grounds for the withdrawal.
. . . .
The two fundamental bases for showing a "fair and just reason" for withdrawing a guilty plea are (1) that the defendant did not knowingly, intelligently and voluntarily waive the rights relinquished upon pleading guilty, or (2) that changed circumstances or new information justify withdrawal of the plea.
Where the first fundamental basis is concerned, . . . the defendant is entitled to withdraw the guilty plea if (1) the defendant has not entered the plea knowingly, intelligently, and voluntarily; (2) there has been no undue delay in moving to withdraw the plea; and (3) the prosecution has not otherwise met its burden of establishing that it relied on the plea to its substantial prejudice.
. . . .
Generally, we review the trial court's denial of a motion to withdraw guilty plea for abuse of discretion.
. . . .
[If] our evaluation of the court's exercise of its discretion hinges solely upon the constitutional inquiry whether [the defendant] knowing[ly], intelligently and voluntarily entered his [or her] pleas of guilty[,] . . . the mode of review . . . is de novo, i.e., according to the right/wrong standard, based upon an examination of the entire record.
94 Hawai`i at 451-52, 16 P.3d at 856-57 (internal quotation marks, citations, and brackets omitted; block quote format changed).
Myklebust argues that, based on the above-referenced grounds, his plea was not entered knowingly, intelligently and voluntarily in this case. We disagree.
Myklebust requested or consented to all of the trial delays and affirmatively stated that no prejudice would result from the delay. Myklebust also engaged in plea negotiations over a protracted period of time that culminated in the final plea agreement, which was reached on the eve of trial. The period of Myklebust's pretrial incarceration does not provide a "fair and just reason" for withdrawal of the plea in this case.
While this court recognizes that, under HRPP 32(d), a defendant faces a greater hurdle in seeking to set aside a guilty plea after he has been sentenced and it does not appear that the State relied on the plea to its substantial prejudice in this case, Myklebust nevertheless had the burden of demonstrating grounds for the withdrawal of his guilty plea. See State v. Merino 81 Hawai`i 198, 223, 915 P.2d 672, 697 (1996); Reponte v. State, 57 Haw. 354, 361, 556 P.2d 577, 582 (1976). As discussed herein, we conclude that Myklebust did not meet his burden of establishing, by a preponderance of the evidence, plausible and legitimate grounds for the withdrawal of his plea.
Myklebust testified that his mother was supportive of any decision that he made. Thus, his claim that his mother unduly influenced his decision is without merit. Likewise, his vague allegations of "media" pressure are not sufficient to state a claim of undue influence. The record on appeal does not support Myklebust's claim that his lawyer told him to answer "yes" to the circuit court's questions during the hearing to accept his guilty plea. Myklebust stated that he was advised by counsel to "just go in there, say yes. Say no when it's proper. Say yes when it's proper." Indeed, Myklebust did not simply answer "yes" to every question. Myklebust also answered "no" multiple times in response to questions such as whether he was under the influence of alcohol or drugs, whether he suffered from mental disease, whether he was offered any promise or deal in exchange for his plea, and whether there was any threat, coercion, or pressure to change his plea. Myklebust claims that the following comment by his attorney supports the conclusion that the Circuit Court, in a conference attended only by counsel, stated an inclination to sentence him to consecutive and life terms if he was found guilty by a jury: "One of the things that Judge Sakamoto indicated during the conference was that if Mr. Myklebust went to trial and he was convicted. That he was looking at an extended term and/or consecutive sentencing." We conclude that such a comment by the Circuit Court was not an indication to counsel that Myklebust would be sentenced to an extended or consecutive term, but rather, that such a sentence was a possibility.
We reject Myklebust's arguments that the lack of discovery of the complaining witness's levels of methamphetamine intoxication and the video surveillance footage of the complaining witness getting into his truck provide "fair and just reason" to allow Myklebust to withdraw his plea. Prior to his plea, Myklebust was well aware that the complaining witness had methamphetamine in her system. He did not deny "getting high" with her and admitted to his lawyer that he "injected her with methamphetamine." The use of the complaining witness's intoxication as part of a possible consent defense and to attack her credibility was considered before he pled guilty. In addition, it appears that the Circuit Court credited the testimony of defense counsel that he showed Myklebust the toxicology report well before Myklebust entered his plea. As to the discovery of the surveillance video, Myklebust's lawyer testified that he described to Myklebust the video of the complaining witness getting into Myklebust's truck but he was unable to bring the video into prison for Myklebust's viewing due to security requirements at the prison. Myklebust's lawyer also recalled that the video showed that the complaining witness entered Myklebust's truck voluntarily and that the complaining witness had noted in a statement that she had voluntarily entered the truck because Myklebust was asking for directions. Therefore, Myklebust's counsel stated that he did not believe that the voluntariness of the complaining witnesses's entry into the truck would be an issue at trial. The fact that Myklebust did not personally see the video does not provide a fair and just reason to allow withdrawal of his guilty plea.
Finally, Myklebust argues that the colloquy conducted by the Circuit Court was inadequate because the judge failed to go over each and every condition of the sex offender addendum with Myklebust. There is no requirement that the court go over each condition of the sex offender addendum with the defendant. On the contrary, in Foo v. State, 106 Hawai`i 102, 114, 102 P.3d 346, 358 (2004), the Hawai`i Supreme Court held that a trial court is not required to conduct a colloquy about the sex offender addendum with a defendant before accepting his guilty plea because the consequences of being a sex offender are collateral. In this case, the Circuit Court engaged Myklebust in a personal colloquy concerning the addendum and, although Myklebust told the court that he did not like the addendum, he informed the court that his attorney thoroughly reviewed it with him, he understood it, and he signed on the bottom of the sex offender addendum form to acknowledge his understanding of its contents.
Based on the foregoing, we conclude that the Circuit Court did not abuse its discretion when it determined that Myklebust failed to carry his burden on the Motion to Withdraw Plea.
For these reasons, we affirm the Circuit Court's August 21, 2007 Judgment.
NOTES
[1] The Honorable Karl K. Sakamoto presided.