**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000026**
**16-JUN-2022**
**07:58 AM**
**Dkt. 52 SO**

NO. CAAP-20-0000026

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
ZACHARY R. YAMAUCHI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
ʻEWA DIVISION
(CASE NO. 1DTC-19-011055)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Zachary R. **Yamauchi** appeals from the **"Order** Denying Defendant Yamauchi's Motion to Withdraw No Contest Plea Electronically Filed September 25, 2019[,]" entered by the District Court of the First Circuit, ʻEwa Division, on December 16, 2019.[1]  For the reasons explained below, we affirm the Order.

On March 28, 2019, Yamauchi was cited for excessive speeding in violation of Hawaii Revised Statutes (**HRS**) § 291C-105(a).  He pleaded not guilty.  He was referred to the Office of the Public Defender (**OPD**).  On August 7, 2019, he pleaded no-contest pursuant to a plea agreement.  A "Notice of Entry of Judgment and/or Order and Plea/**Judgment**" was entered the same day.  The Judgment included a sentence.  The sentence included a

---

[1]     The Honorable Thomas A.K. Haia presided.

30-day suspension of Yamauchi's driver's license under HRS § 291C-105(c)(1)(B).

On September 25, 2019, Yamauchi (through OPD) filed a "Motion to Withdraw Guilty [sic] Plea and Re-set Case for Trial[.]"  A hearing was set for October 15, 2019.

On September 30, 2019 (before the hearing on the motion to withdraw plea), OPD submitted a proposed order appointing counsel.  OPD stated that it could not continue acting as counsel because Yamauchi was claiming ineffective assistance of counsel. On October 14, 2019, the district court entered an order appointing new counsel for Yamauchi.

On October 15, 2019, Yamauchi moved to continue the hearing on his motion to withdraw plea.  The hearing was continued to November 19, December 3, and December 10, 2019.  At the December 10, 2019 hearing the district court took the motion to withdraw plea under advisement.  On December 16, 2019, the district court entered the Order, which denied the motion to withdraw plea.  This appeal followed.

Yamauchi raises two points on appeal:

"1.  The trial court erred by denying YAMAUCHI's . . . Motion to Withdraw No Contest Plea to the offense of Excessive Speeding, where (1) YAMAUCHI entered the plea not knowing that it would result in the automatic consequence that, in order to retrieve his driver's license, he would be required to post a $25,000 [sic] bond or obtain sufficient insurance, called an SR-22, (2) his appointed counsel never informed him of the SR-22 requirement, (3) the SR-22 is a de facto three year suspension of his driver's license, and (4) YAMAUCHI would not have entered a no contest plea had he known about the SR-22"; and

"2.  YAMAUCHI's counsel's performance prior to his plea of no contest was not within the range of competence demanded of attorneys in criminal cases, and therefore constitutionally deficient, because his counsel failed to advise YAMAUCHI that, if he plead guilty to Excessive Speeding, (1) he would be required to post a $25,000 [sic] bond or obtain insurance (the SR-22) in order to

2

have his driver's license returned to him, and
(2) the SR-22 automatically applied by operation
of statute."

**(1)** "The denial of a post-sentence motion for
withdrawal of plea is reviewed for abuse of discretion." State
v. Fogel, 95 Hawaiʻi 398, 405, 23 P.3d 733, 740 (2001) (citation
omitted). "An abuse of discretion occurs if the trial court has
clearly exceeded the bounds of reason or has disregarded rules or
principles of law or practice to the substantial detriment of a
party litigant." Id. (cleaned up).

The district court did not abuse its discretion by
denying Yamauchi's motion to withdraw plea because the motion was
untimely. Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 32(d)
provides:

> **Withdrawal of Plea.** A motion to withdraw a plea of guilty
> or of nolo contendere may be made ***before sentence is imposed***
> or imposition of sentence is suspended; provided that, to
> correct manifest injustice the court, upon a party's motion
> submitted ***no later than ten (10) days after imposition of
> sentence***, shall set aside the judgment of conviction and
> permit the defendant to withdraw the plea. ***At any later
> time***, a defendant seeking to withdraw a plea of guilty or
> nolo contendere may do so ***only by petition pursuant to Rule
> 40*** of these rules and the court shall not set aside such a
> plea unless doing so is necessary to correct manifest
> injustice.

(emphasis added). Yamauchi's motion to withdraw plea was made
more than ten days after the district court imposed his sentence.
The motion was not made by petition pursuant to HRPP Rule 40
("Post-conviction Proceeding"), as required under HRPP Rule
32(d). The district court did not abuse its discretion by
denying the untimely motion.

Even if the district court had treated Yamauchi's
motion as a nonconforming petition under HRPP Rule 40(c)(2), the
SR-22 requirement is a collateral consequence of an excessive
speeding conviction, of which Yamauchi was not required to be
informed. "[A]n accused need not be informed prior to the
acceptance of his guilty plea about every conceivable collateral

3

effect the conviction might have." Reponte v. State, 57 Haw. 354, 364, 556 P.2d 577, 584 (1976). In determining whether a consequence is "collateral," this court has explained:

> A ***direct consequence*** is one which has a definite, immediate and largely automatic effect on defendant's punishment. ***Illustrations of collateral consequences are*** loss of the right to vote or travel abroad, loss of civil service employment, ***loss of a driver's license***, loss of the right to possess firearms or an undesirable discharge from the Armed Services. The failure to warn of such collateral consequences will not warrant vacating a plea because they are ***peculiar to the individual*** and generally result from the ***actions taken by agencies the court does not control***.

D'Ambrosio v. State, 112 Hawaiʻi 446, 460, 146 P.3d 606, 620 (App. 2006) (emphasis added) (quoting State v. Nguyen, 81 Hawaiʻi 279, 288, 916 P.2d 689, 698 (1996)).

Yamauchi testified during the hearing on his motion to withdraw plea. On direct examination, he testified:

> Q.    Okay. Do you remember ever having been advised of an obligation under what's called the SR-22 insurance requirement as being a part of the penalty under that plea agreement?
>
> A.    No.
>
> . . . .
>
> Q.    And so on that day when you -- when did you find out about that SR-22 requirement?
>
> A.    Was about close to a month after I had entered my plea, already had done my 30-day license suspension. ***I got a letter in the mail saying that I was required to obtain a SR-22 or a $25,000 insurance bond*** --
>
> Q.    Okay.
>
> A.    -- ***to be able to retain my license***.
>
> . . . .
>
> Q.    Okay. And do you remember the court ever advising you of that --
>
> A.    No.
>
> Q.    -- obligation as you entered your plea on --
>
> A.    I -- I do not.

(emphasis added).

On cross-examination, Yamauchi clarified:

     Q.     Now, Mr. Yamauchi, when you got that letter, who was that letter from?

     A.     That was from the ***Department of Motor Vehicles, I think DOT and DMV***.

     Q.     So wasn't part of your criminal trial, is that --

     A.     No.

     Q.     -- correct?  Okay.

(emphasis added).

The SR-22 requirement is imposed not by the Hawaiʻi Penal Code, but by HRS Chapter 287, the Hawaiʻi Motor Vehicle Safety Responsibility **Act**.  The Act provides, in relevant part:

> **Proof of financial responsibility required upon conviction of certain offenses.**
>
> (a)  Whenever a driver's license has been suspended or revoked:
>
>    . . . .
>
>    (2)  Upon a conviction of any offense pursuant to law . . . ;
>
>    . . . .
>
> the license shall not at any time thereafter be issued to the person whose license has been suspended or revoked, nor shall the person thereafter operate a motor vehicle, unless and until the person has furnished and thereafter maintains proof of financial responsibility[.]

HRS § 287-20(a)(2) (2007 & Supp. 2019).  "Proof of financial responsibility means proof of ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of such proof, arising out of the ownership, maintenance, or use of a motor vehicle[.]"  HRS § 287-1 (2007). Proof of financial responsibility can be provided by a motor vehicle insurance policy complying with HRS § 431:10C-301(b)(1) (2019).  If a person does not have motor vehicle insurance, "[p]roof of financial responsibility may be evidenced by the bond of a surety company[.]"  HRS § 287-35(a) (2007).  The bond must

5

be filed with the county director of finance.  See id. and HRS § 287-1.  Because the SR-22 requirement is "peculiar to the individual and generally result[s] from the actions taken by agencies the court does not control[,]" it is a collateral consequence of an excessive speeding conviction, of which the failure to warn will not warrant vacating a plea.  See D'Ambrosio, 112 Hawaiʻi at 460, 146 P.3d at 620.  For this additional reason the district court did not abuse its discretion by denying Yamauchi's motion to withdraw his no-contest plea.

**(2)**  Yamauchi's ineffective assistance of counsel argument is raised for the first time on appeal.  Ordinarily, "the failure to properly raise an issue at the trial level precludes a party from raising that issue on appeal."  State v. Hoglund, 71 Haw. 147, 150, 785 P.2d 1311, 1313 (1990).  In this case, however, Yamauchi's allegation that his former defense counsel was ineffective is based solely on OPD's failure to inform him of the potential SR-22 requirement, which depended in part on factors unrelated to his conviction.  In light of our ruling that the SR-22 requirement is a collateral consequence of an excessive speeding conviction, OPD's failure to advise Yamauchi about the possible SR-22 requirement was not a "specific error[] or omission[] reflecting defense counsel's lack of skill, judgment or diligence[,]" nor did it result "in either the withdrawal or substantial impairment[] of a potentially meritorious defense."  Najera v. State, 143 Hawaiʻi 83, 88, 422 P.3d 661, 666 (App. 2018) (cleaned up).[2]

---

[2]     In Najera, the petitioner "asserted that he received ineffective assistance of counsel because his trial counsel did not advise him that his no-contest pleas would subject him to **automatic deportation** and that had he received this advice, he would not have pleaded no contest."  Id. at 85-86, 422 P.3d at 663-64 (emphasis added).  "[D]eportation is an integral part — indeed, sometimes the most important part — of the penalty that may be imposed on noncitizen defendants who plead guilty to specified crimes."  Id. at 89, 422 P.3d at 667 (quoting Padilla v. Kentucky, 559 U.S. 356, 369, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010)).  Indeed, we noted that "Najera's no contest plea to a controlled substance offense for first-degree promoting a dangerous drug that was a class A felony made it **virtually certain** that he would be deported."  Id. at 90, 422 P.3d at 668 (emphasis added).  Thus, deportation is a direct, not a collateral, consequence of a noncitizen defendant's conviction
(continued...)

For the foregoing reasons, the December 16, 2019 Order denying Yamauchi's motion to withdraw his no-contest plea is affirmed.

DATED:  Honolulu, Hawaiʻi, June 16, 2022.

On the briefs:

Dale K. Mattice,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

---

[2](...continued)
for promoting a dangerous drug in the first degree.